THOMAS M. CRUMPTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crumpton v. Commissioner
Docket No. 28429-90.
United States Tax Court
T.C. Memo 1992-117; 1992 Tax Ct. Memo LEXIS 138; 63 T.C.M. (CCH) 2200; T.C.M. (RIA) 92117; February 26, 1992, Filed *138 Decision will be entered for respondent William Randolph Klein, for petitioner. Charles A. Baer, for respondent. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent determined a deficiency in petitioner's income tax for 1988 in the amount of $ 4,858 and an addition to tax under section 6653(a)(1) of $ 242.90. The issues presented are: (1) Whether petitioner is entitled to deduct certain employee business expenses in 1988; (2) whether petitioner's fishing activity was an activity engaged in for profit within the meaning of section 183 and if so, whether petitioner is entitled to deduct claimed Schedule C losses of $ 10,828 generated by this activity and; (3) whether petitioner is liable for the addition to tax based on negligence. Some of the facts were stipulated and they are so found. The stipulation of facts and attached exhibits are incorporated *139 by this reference. Petitioner was a resident of Bradenton, Florida; when the petition herein was filed. In 1988, petitioner was employed full time by Enterprise Fleets, Inc. (EFI). During the period here involved, EFI had a company policy of reimbursing its employees for any legitimate expense incurred for EFI, without limit or ceiling, upon submission of the proper expense reports. In 1988 petitioner incurred employee business expenditures in excess of $ 14,000 for which he did not seek reimbursement. These expenditures include such items as vehicle expenses ($ 6,336), parking fees and tolls ($ 1,320), travel and lodging ($ 1,040), phone costs ($ 690), stationery ($ 490), office rent and utilities ($ 2,600), meals and entertainment ($ 2,680), and business publications ($ 320). Petitioner claimed these deductions on his 1988 return as employee business expenses which were disallowed by respondent. In 1988 petitioner owned a 1987 Chris Craft Sea Hawk which was 21 feet 6 inches long and was powered by a 200-horsepower Johnson outboard motor. In 1988 petitioner began a charter fishing activity under the name of Captain Tom's Fishing Fleet. On Schedule C of his 1988 return, petitioner *140 claimed a loss of $ 10,828 with respect to the charter fishing activity which was disallowed by respondent. Petitioner bears the burden of proving that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 162(a) allows deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". In the instant case, petitioner contends that the employee business deductions claimed on his 1988 return fall within the ambit of section 162(a). However, it is established that a trade or business deduction is not allowable to the extent that the employee is entitled to reimbursement from his employer. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982). In the instant case, it is stipulated that EFI would have reimbursed petitioner for any legitimate business expenses he incurred on its behalf. In view of EFI's reimbursement policy, we must conclude that petitioner is not entitled to the employee business deductions claimed *141 on his 1988 return. Nor are we persuaded that some incidental expenditures incurred by petitioner in the pursuit of his employment would not be covered by the employer's reimbursement policy and hence would be deductible as employee business expenses. Initially, the stipulation unequivocally states that the employer would have reimbursed petitioner for any legitimate expense incurred for EFI, without limit or ceiling. Moreover, petitioner's vague and unsatisfactory testimony fails to provide the necessary substantiation with respect to the purported incidental expenses. Respondent is sustained on this issue. Petitioner also claimed a $ 10,828 deduction on his 1988 Federal return for a loss he sustained in operating Captain Tom's Fishing Fleet. The deductibility of this loss turns on whether petitioner's fishing activities were engaged in for profit as required by section 183. Section 183(a) provides that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed except as otherwise provided in section 183(b). In determining whether an activity is one engaged in for profit, petitioners must prove an "actual and honest objective *142 of making a profit." Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The regulations set forth a number of factors for consideration when making a profit objective determination. They are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on the activity; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs. No single factor, nor the existence of a majority of the factors, is controlling; rather, "the facts and circumstances of the case in issue remain the primary test." Abramson v. Commissioner, 86 T.C. 360, 371 (1986); sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective *143 facts than to the taxpayer's mere statement of his intent. Beck v. Commissioner, 85 T.C. 557, 570 (1985). It is apparent from the facts and circumstances of the present case that petitioner did not engage in his charter fishing activities in 1988 with the requisite profit objective. Petitioner carried on his fishing activities in a haphazard and casual manner. The only record petitioner kept regarding his charter fishing activity was a spiral notebook which he could not locate at the time of trial. There is no indication in the record that the missing notebook did in fact constitute an appropriate business record. There is little indication in the record to show that petitioner made any serious effort to make an informed business judgment on the economic prospects for the venture. Although petitioner did obtain a Coast Guard license, his preliminary investigation of the charter fishing business was superficial. There is no evidence that petitioner realistically sought any professional advice with respect to the commercial merits of his venture. If petitioner was indeed interested in making a profit one would assume he would have investigated the business *144 in greater depth, especially since he had no prior experience in the business. As for the time petitioner was able to devote to the business, the record indicates it was insubstantial. During the time in issue petitioner not only worked full time for EFI but also worked as a bartender at night and on weekends. The record gives no indication that petitioner employed anyone to help him manage the charter fishing activity. The record does indicate that petitioner enjoyed boating activities. The Chris Craft yacht petitioner owned in 1988 was the third boat owned by him. Petitioner stated at trial that he entered the charter fishing business because he thought it would be enjoyable and fairly easy. He admitted he used the boat for personal reasons. While deriving enjoyment from the particular activity at issue is not conclusive as to whether the activity is engaged in for profit, it is a factor to be considered. See sec. 1.183-2(b)(9), Income Tax Regs. His advertising was limited to inserts in the yellow pages and advertising leaflets which he left at various restaurants and tackle shops in the area. His knowledge as to the suitable fishing areas in the vicinity seemed haphazard *145 in nature. In short, we find his pursuit of his charter fishing venture decidedly desultory in nature. Upon consideration of all the facts and circumstances we find petitioner did not engage in his fishing activities with an actual and honest objective of making a profit. Accordingly, respondent properly disallowed the losses attributable to the activity for the year at issue. Our conclusion that the charter fishing activity was not engaged in for profit is dispositive of this issue, and consequently we need not address the section 274(d) substantiation arguments made by respondent. The final issue for resolution is whether respondent is liable for the addition to tax based on negligence. Under section 6653(a)(1), if any part of an underpayment is due to negligence or disregard of rules or regulations, an addition to tax is added to the tax due. Negligence as used in section 6653(a)(1) has been defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do in the same circumstances. Crocker v. Commissioner, 92 T.C. 899, 916 (1989). Petitioner failed to keep adequate records. The various deductions claimed by *146 him suggest an absence of any effort to differentiate between personal expenditures and those expenditures which were related to his purported business activities. He admittedly claimed a rental expense for his boat in 1988 which was never incurred. We have considered the record and conclude that petitioner is liable for the additions to tax under the provisions of section 6653(a) in 1988. Respondent is sustained on this issue. Decision will be entered for respondent.