T.C. Summary Opinion 2008-57

UNITED STATES TAX COURT

MILTON CHRISTOPHER SNEAD, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3213-06S.                    Filed May 21, 2008.

Milton Christopher Snead, Jr., pro se.

<u>Bradley C. Plovan</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,970 in petitioner's 2003 Federal income tax and an accuracy-related penalty of $994 under section 6662(a). The issues for decision are whether petitioner is entitled to itemized deductions in an amount greater than the standard deduction allowed by respondent and whether petitioner is liable for the accuracy-related penalty under section 6662(a).

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Maryland.

In 2003 petitioner was single and had a minor daughter. Petitioner timely filed a 2003 Federal income tax return.

Petitioner was employed as a sergeant for the Baltimore City Police Department, Western District (the department). Petitioner was required to wear a police uniform. The department provided petitioner one uniform jacket, three pairs of pants, three shirts, a hat, and a sweater. Each week petitioner paid approximately $20 to have two of his uniforms dry cleaned. The department required petitioner to come to work in a clean, pressed uniform and black shoes. The department did not provide

the shoes.  Petitioner bought black Nike boots, and he purchased new boots whenever the old boots wore out.  Petitioner purchased three pairs of boots in 2003 at a cost of approximately $100 per pair.  The department did not reimburse petitioner for his dry cleaning expenses or for the cost of boots.  The department does not reimburse petitioner for any dry cleaning or personal equipment purchased to perform police duties.

The department issued petitioner a weapon, ammunition, and four boxes of practice ammunition each year.  In 2003 petitioner purchased 10 additional boxes of ammunition for target practice. Petitioner was able to purchase ammunition at the district range at a cost of $6.50 per box.  Petitioner practiced shooting at the district range, which was free for employees.  Petitioner also practiced shooting at other ranges, where he paid approximately $7 per half hour and $15 for each box of ammunition.  In 2003 petitioner practiced shooting at the other ranges approximately five times and used two boxes of ammunition during each visit. The department did not reimburse petitioner for any costs incurred at the other ranges.

Petitioner drove his personal automobile to work each day. At times he was required to appear in court, and on those days he drove as part of his employment as a police officer.  On the days he went to court, petitioner drove his personal automobile from home to court.  Petitioner paid for parking while at the circuit

court and Federal court. Petitioner estimated that his parking expenses were $25 per week.

During tax year 2003 petitioner placed used clothing in a yellow bin on the side of the road. Petitioner believed the bin was a repository for charitable donations, but he could not recall the name of the charity. Petitioner estimated the total cost of the clothing he placed in the bin was $120. Petitioner occasionally attended church services.[1]

The department provided free medical care to officers who were injured in the line of duty. Additionally, petitioner was enrolled in a health insurance plan with Blue Cross/Blue Shield. Petitioner's daughter was also covered by this health insurance policy, with a copayment of approximately $10 for medication. In 2003 all of petitioner's medical and dental expenses were covered by his health insurance policy. There is no evidence that petitioner paid any copayments for his daughter in 2003.

Upon the advice of a coworker, petitioner engaged a return preparer to prepare his income tax return for 2003. Petitioner met with the preparer to have the return completed. When the preparer learned that petitioner was a police officer, the preparer asked petitioner a series of questions regarding petitioner's job expenses, noncash charitable contributions, and

_____

[1] The record does not reflect how often or in what amounts petitioner made contributions while attending church.

medical and dental expenses for tax year 2003. The preparer entered on the return amounts based on petitioner's answers. Petitioner did not give the preparer any bills or receipts. The preparer showed the completed return to petitioner and discussed the entries. Petitioner did not question the preparer or ask the preparer to explain any of the entries on the return. Petitioner and the preparer each signed the return. On Schedule A, Itemized Deductions, petitioner claimed deductions totaling $26,829 comprising $13,737 in unreimbursed job-related expenses, $6,545 of charitable contributions, $3,023 of medical and dental expenses, and $3,494 of State and local income taxes.

Respondent issued petitioner a notice of deficiency in November 2005 disallowing all of the claimed itemized deductions. The notice of deficiency allowed petitioner a standard deduction of $4,750.[2] Respondent also determined an accuracy-related penalty under section 6662(a). Petitioner filed a timely petition for redetermination.

<u>Discussion</u>

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule

---

[2] To the extent the Court concludes that petitioner is entitled to some itemized deductions, but the amount is less than the standard deduction allowed by respondent, the Court will sustain respondent's determination.

142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed on a return. See <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79 (1992); <u>Wilson v. Commissioner</u>, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

We iterate that petitioner produced no receipts or documentation for any of the itemized deductions claimed. Respondent disallowed the claimed deductions in full because petitioner did not establish that the expenses were paid during tax year 2003 or that the deductions were for ordinary and necessary business expenses.

Job-Related Expenses

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. Generally, the performance of services as an employee constitutes a trade or business. <u>Primuth v.</u>

Commissioner, 54 T.C. 374, 377 (1970).  A taxpayer must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 1.6001-1(a), Income Tax Regs.  For such expenses to be deductible, the taxpayer must not have the right to obtain reimbursement from his employer.  See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

On his 2003 Federal income tax return, petitioner claimed a net deduction of $13,767 for employee and other miscellaneous expenses.  At trial petitioner maintained that he is entitled to deductions for the following expenses:  (1) Dry cleaning his uniforms and purchasing boots; (2) ammunition and target range fees; and (3) business use of his automobile, including gasoline and parking.

A.  Uniform Dry Cleaning and Boots

Petitioner claimed a business expense deduction for the cost of dry cleaning his uniforms and for the cost of black boots. The cost to purchase and maintain work clothing and shoes may be deductible under section 162 if the taxpayer can establish that: (1) The clothing is required or essential in the taxpayer's employment; (2) the clothing is not suitable for general or personal wear; and (3) the clothing is not worn for general or personal purposes.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Kozera v. Commissioner, T.C. Memo. 1986-604.

With respect to the uniform dry cleaning, respondent does not dispute that petitioner has satisfied the legal requirements for deductibility. However, respondent denied the deduction for lack of substantiation. When a taxpayer adequately establishes that he paid or incurred a deductible expense but does not establish the precise amount, the Court may in some circumstances estimate the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). Petitioner testified that he paid $20 a week to dry clean two uniforms. Although petitioner did not present receipts, the Court found petitioner's testimony to be credible with respect to the cleaning expense and its business purpose. Thus, the Court will allow petitioner a deduction for his dry cleaning expenses, at $20 a week for 50 weeks, or $1,000.

The department also required petitioner to wear black footwear as part of his uniform. The record does not indicate that petitioner's black Nike boots were not suitable for general or personal wear or that petitioner wore the boots only at work. No deduction is allowed for personal, living, or family expenses. Sec. 262(a). We find that petitioner's boots are a personal expense and conclude that he is not entitled to a deduction for the cost of boots. See Hynes v. Commissioner, 74 T.C. 1266, 1291 (1980).

B.  Ammunition and Target Range Expenses

Petitioner claimed deductions for the cost of ammunition and for target range fees.  Petitioner was required to maintain a certain skill level with his weapon.  Petitioner could have used the district gun range at no cost, but he sometimes practiced at private practice ranges.  Petitioner failed to explain why he chose to spend money at a private range when he could use a district gun range for free.  Petitioner is not entitled to a deduction for fees paid to private target ranges since he has not established that the expense is ordinary and necessary.

The Court is satisfied that petitioner was required to purchase ammunition as part of his employment as a police officer.  Although petitioner failed to provide details as to the exact amount of this expenditure, the Court will allow petitioner $65 for this item.[3]  See Cohan v. Commissioner, supra.

C.  Automobile Expenses

Petitioner claimed a deduction for the business use of his automobile, including gasoline and parking.  Petitioner incurred expenses for gasoline when he drove from his home to work and from his home to court.  Expenses relating to the use of an automobile while commuting between the taxpayer's residence and

---

[3] Petitioner estimated that he purchased 10 boxes of ammunition and fired 2 boxes on each of five trips to the range in 2003.  At $6.50 per box (the cost to purchase ammunition from the department), this amounts to $65.

the taxpayer's place of business or employment are not deductible because they are personal and not business expenses.  Secs. 162, 262(a); <u>Fausner v. Commissioner</u>, 413 U.S. 838 (1973); <u>Commissioner v. Flowers</u>, 326 U.S. 465 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.  Since petitioner incurred the claimed expenses while commuting between his home and work and between his home and court, they are personal expenses. Therefore, petitioner is not entitled to a deduction for the use of his automobile or for the cost of gasoline.

Petitioner also claimed a deduction for parking expenses incurred when he appeared in court and had to park his automobile at a meter or in a parking garage.  Even if petitioner established that the cost of the parking is a properly deductible expense, section 274(d)(4) requires a taxpayer to substantiate: (A) The amount of the vehicle expense; (B) the time and place of the use of the vehicle; (C) the business purpose of the expense; and (D) the business relationship of the vehicle use to the taxpayer.  Petitioner did not provide any evidence to support the claimed parking expenses.  Petitioner did not provide any dates or times of his court appearances, nor did he provide any receipts or other evidence that might have corroborated his oral testimony.  Thus, petitioner may not deduct parking expenses.

Charitable Contributions

In general, section 170(a) allows a deduction for any charitable contribution made within the taxable year. A charitable contribution, whether made by cash or otherwise, must be substantiated by at least one of the following: (1) A canceled check; (2) a receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution; or (3) in the absence of a canceled check or a receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

On his 2003 tax return petitioner claimed a deduction of $4,995 for cash charitable contributions and $1,550 for noncash charitable contributions, all of which respondent disallowed.

Petitioner provided no support for any of the cash charitable contribution deduction of $4,995. Respondent's determination on this issue is sustained.

At trial petitioner stated that he donated used clothing by depositing it into a charity bin. On his 2003 tax return petitioner claimed a $1,550 deduction for the clothing donated. At trial petitioner estimated the cost of the used clothing at $120 but provided no substantiation. In the light of petitioner's inflated claim and the lack of evidence supporting

any donation, no deduction is allowed for noncash charitable contributions. Respondent's determination on this issue is sustained.

Medical and Dental Expenses

Section 213(a) allows a deduction for medical and dental expenses of a taxpayer or dependent (as defined in section 152) that were paid and not compensated for by insurance, to the extent the expenses exceed 7.5 percent of the taxpayer's adjusted gross income. Medical care expenses include amounts paid for insurance premiums. Sec. 213(d)(1)(D).

Petitioner reported he spent $6,985 for medical and dental expenses, and he claimed a deduction of $3,023, after the 7.5-percent limitation, which respondent disallowed. Petitioner acknowledged that he had no uncompensated medical expenses in 2003. Further, petitioner is not claiming his daughter as his dependent, nor is he claiming that she incurred any uncompensated medical expenses in 2003. Therefore, petitioner is not entitled to a deduction for medical and dental expenses. Respondent's determination on this issue is sustained.

State and Local Taxes

Petitioner claimed a $3,494 deduction for State and local taxes. It is obvious to the Court that this was the amount reported on petitioner's Form W-2, Wage and Tax Statement, as was the amount of his total income, $52,832. Therefore, petitioner

is entitled to a $3,494 deduction for State and local taxes in 2003.  See sec. 164(a)(3).

Standard Deduction

The standard deduction respondent allowed in the notice of deficiency for 2003 was $4,750.  Petitioner's claimed deductions for uniform dry cleaning, ammunition, and State and local income taxes as allowed by this opinion total $4,559 and do not exceed the standard deduction amount.  Petitioner is therefore entitled to the standard deduction.  See sec. 63(b) and (c); Shepherd v. Commissioner, T.C. Memo. 1999-19.  Respondent's determination in the notice of deficiency is sustained in full.

Accuracy-Related Penalty Under Section 6662(a)

Under section 7491(c) the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause or substantial authority.  Rule 142(a); Higbee v. Commissioner, supra at 446-447.

Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment of tax attributable to the taxpayer's

negligence, disregard of rules or regulations, or substantial understatement of income tax.  Sec. 6662(a) and (b)(1) and (2).

A substantial understatement is an understatement of income tax for any taxable year which exceeds the greater of (a) 10 percent of the tax required to be shown on the return, or (b) $5,000.  Sec. 6662(d)(1).  Petitioner's understatement is $4,970; thus, respondent has not met his burden of production with respect to a substantial understatement under section 6662(b)(2) and (d)(1).[4]

Negligence includes the failure to exercise due care or do what a reasonable and ordinarily prudent person would do under the circumstances.  Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989); Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Furthermore, negligence is strongly indicated where "A taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to

---

[4]  In his trial memorandum respondent asserts that petitioner understated the tax by more than 10 percent and therefore sec. 6662(d)(1) applies.  The tax required to be shown on the return is $8,066 and the amount shown on the return is $3,096.  While no doubt the understatement exceeds 10 percent, the penalty applies only if the understatement exceeds the greater of 10 percent or $5,000.  Here, the understatement does not exceed $5,000; accordingly, sec. 6662(b)(2) and (d)(1)(A) does not apply.  Since the Court concludes that petitioner was negligent under sec. 6662(b)(1) and (c), respondent's erroneous assertion does not alter our conclusions herein.

be 'too good to be true' under the circumstances". Sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner contends that he is not liable for the penalty because he relied on erroneous expert advice given by his tax preparer. However, petitioner did not take reasonable steps to report the correct tax liability. Petitioner did not provide the preparer with any documents or receipts to substantiate any of his claimed deductions, nor did he scrutinize any of the figures that the preparer reported on the return. Further, petitioner failed to question any of the inflated figures. Thus, petitioner did not exercise the due care of a reasonable and ordinarily prudent person. The understatement is due to negligence within the meaning of section 6662(c), and petitioner is liable for the accuracy-related penalty under section 6662(a). Respondent's determination on this issue is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.