# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

No. 12-60657

PETER A. MCLAUCHLAN,

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision
of the United States Tax Court
Case No. 14996-09

Before OWEN, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Peter A. McLauchlan appeals the tax court's order sustaining the IRS's determination of a deficiency in McLauchlan's income tax liability for the years 2005, 2006, and 2007 and assessing accuracy-related penalties for each year. He argues the tax court erred in determining that expenses he claimed as unreimbursed partnership expenses on his individual tax return were not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60657

properly deductible. He also disputes his liability for accuracy-related penalties. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal presents the question of when a partner in a partnership may deduct expenses of the partnership on his individual tax return. The events leading to this appeal began in 2008 when the IRS started its audit of McLauchlan's tax returns for 2005, 2006, and 2007. On April 23, 2009, the IRS issued a notice of deficiency to McLauchlan in which it determined deficiencies in his income tax liability for those three years and imposed accuracy-related penalties for each year. The notice of deficiency disallowed income deductions McLauchlan had claimed for legal and professional fees, contributions to pensions and profit sharing plans, and home mortgage interest payments, among other things. In June 2009, McLauchlan filed a petition in the United States Tax Court for redetermination of the deficiency for all three years. The IRS filed an answer requesting that the calculation of deficiency be approved.

In July 2010, the IRS filed an amended answer asserting increased deficiencies and penalties for 2005 and 2006. The IRS filed this amended answer after discovering McLauchlan was a partner during 2005 and 2006 at a law firm (that the parties call "AR") structured as a partnership for tax purposes. McLauchlan had reported income from the partnership on Schedule C, which is used for reporting "Profit or Loss from Business," as well as deductions for business expenses for those years. In support of its claim for increased deficiencies, the IRS argued McLauchlan was not entitled to claim Schedule C profits and losses arising from his partnership at AR. Thus, he was not entitled to the business expense deductions claimed on Schedule C. McLauchlan conceded that, due to being a partner at AR, the expenses could not be deducted on Schedule C. He countered that the disallowed Schedule C

2

expenses were properly deductible as unreimbursed partnership expenses on Schedule E, which reports "Supplemental Income and Loss."

As a result of concessions by both parties, the only remaining issues at trial were: (1) the deficiencies asserted in the amended answer resulting from McLauchlan's claimed Schedule C business expenses, (2) the penalties asserted in the original notice of deficiency, and (3) the additional penalties resulting from the deficiencies in the amended answer. The tax court first considered whether McLauchlan was entitled, as a partner, to claim the disallowed Schedule C deductions as unreimbursed partnership expenses on Schedule E. Next, the tax court considered whether McLauchlan was liable for any accuracy-related penalties. The tax court's decision rejected all of McLauchlan's business expense deductions, with the exception of depreciation expenses and charitable deductions deemed to be deductible flow-through partnership expenses.[1] The tax court reasoned that these claimed deductions either did not constitute unreimbursed partnership expenses or were not properly substantiated. The tax court also assessed accuracy-related penalties. McLauchlan timely appealed.

## DISCUSSION

"We review Tax Court decisions in the same manner in which we review civil actions decided by the district courts." *Branum v. Comm'r*, 17 F.3d 805, 807 (5th Cir. 1994). Accordingly, factual findings are reviewed for clear error, whereas conclusions of law are reviewed *de novo*. *Id.* at 807-08.

---

[1] At the beginning of its opinion, the tax court held that McLauchlan's deductions on Schedule C for depreciation expenses in 2006 as well as charitable deductions for 2005 and 2006 were allowable as flow-through partnership items under I.R.C. § 702. In its brief, the Government brings to our attention that, through oversight, the deductions the tax court allowed for depreciation and charitable contributions were not calculated in the Government's Rule 155 computation (adopted by the tax court) of deficiencies and penalties owed by McLauchlan. The Government asks for remand for the sole purpose of entering corrected deficiency and penalty amounts giving McLauchlan credit for those deductions.

No. 12-60657

I.    *Burden of proof*

McLauchlan argues that the tax court erred in its allocation of the burden of proof. "The allocation of the burden of proof is a legal issue reviewed *de novo.*" *Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 332 (5th Cir. 2010). When the Commissioner asserts new matters in an amended answer, the burden of proof shifts to the Commissioner as to those new matters. TAX CT Rule 142(a). Because the only remaining issues at trial were deficiencies raised by the Commissioner in its amended answer, McLauchlan argues that the tax court committed error by refusing to hold the Commissioner to the burden of proving McLauchlan was not entitled to deduct the unreimbursed partnership expenses. He claims the tax court effectively allocated the burden to him in violation of Rule 142(a).

The tax court recognized the requirement that the Commissioner has the burden of proof for new matters under Rule 142(a). The tax court concluded, however, that resolution of the burden of proof issue was unnecessary because its determination of whether the expenses were deductible was based on a preponderance of the evidence standard, making the burden of proof immaterial.

The tax court's decision to disregard the burden of proof in its reliance on a preponderance standard was not error. The need to resolve a burden of proof issue is obviated when both parties have offered some evidence and the tax court's determination relies on the weight of the evidence. *See Whitehouse*, 615 F.3d at 332 (citing *Blodgett v. Comm'r*, 394 F.3d 1030, 1039 (8th Cir. 2005)). Here, both parties presented some evidence on the issue of the deductibility of McLauchlan's claimed partnership expenses. The tax court did not err in determining that the party supported by the weight of the evidence would prevail regardless of which party bore the burden of proof. *See Blodgett*, 394 F.3d at 1039.

No. 12-60657

## II.    *Deduction of expenses on Schedule E*

We turn now to the question of whether the expenses at issue are deductible on Schedule E as unreimbursed partnership expenses.  Generally, a partner may not deduct the expenses of the partnership on his individual return, even if the expenses were incurred by the partner in furtherance of partnership business.  *Cropland Chem. Corp. v. Comm'r*, 75 T.C. 288, 295 (1980), *affd.*, 665 F.2d 1050 (7th Cir. 1981) (unpublished table decision).  The exception to this rule is where "under a partnership agreement, a partner has been required to pay certain partnership expenses out of his own funds, he is entitled to deduct the amount thereof from his individual gross income." *Klein v. Comm'r*, 25 T.C. 1045, 1052 acq., 1956-2 C.B. 4 (1956).

In deriving a formula for determining whether McLauchlan was entitled to deduct any of the claimed expenses, the tax court identified this limited exception governing deduction of partnership expenses, examined AR's partnership agreement, and heard testimony as to any routine at AR whereby partners expend their own funds on partnership business.  The court noted there were substantiation requirements for certain expenses, particularly the automobile expenses, which would have to be met in order for those expenses to be deductible.  The tax court then delineated the expenses at issue and proceeded to analyze whether the remaining expenses were unreimbursed partnership expenses, and if so, whether any of the expenses were nevertheless disallowable for lack of proper substantiation.[2]

---

[2] The tax court categorized and listed the expenses at issue as well as the amount for each year in question.  The list of expenses as provided by the tax court included: Advertising; car and truck; professional organizations and continuing legal education fees; contract labor; depreciation and Section 179; automobile and home insurance; interest; office; vehicle lease and rental; repairs and maintenance of automobiles and other; supplies; automobile taxes and licenses and state bar membership license; travel, meals and entertainment; utilities; wages; and charitable contributions.  As we noted earlier, the court began its opinion by

### a. *Unreimbursed partnership expenses*

The first element examined by the tax court was whether McLauchlan "was required to pay" any of the expenses at issue per either the partnership agreement or routine practice equal to an agreement. *Id.* at 1052.[3] The AR partnership agreement expressly provided that expenses partners incurred for "business meals, automobiles, travel and entertainment, conventions, continuing legal education seminars and professional organizations" — termed "indirect expenses" by the tax court — would be borne by the partner unless approved for reimbursement by the managing partner. The testimony did not demonstrate that AR had a routine practice requiring partners to pay any AR expenses outside the terms of the partnership agreement, contrary to McLauchlan's assertions. Accordingly, expenses McLauchlan claimed as deductions beyond those identified in the partnership agreement, such as for advertising, contract labor, home insurance, interest, office supplies, utilities, and wages, were expenses McLauchlan chose to incur, rather than ones called for by AR's partnership agreement. They therefore were not deductible on McLauchlan's individual tax return. *See id.*

Having identified the expenses McLauchlan was required by AR's partnership agreement to incur, the tax court went on to determine, with the exception of the automobile expenses, whether those required expenses were

---

holding that deduction of the depreciation expense for 2006 as well as the charitable deductions for 2005 and 2006 would be allowed.

[3] The rule in *Klein* states that a partner must be "*required* to pay certain expense[s] out of [the partner's] own funds" in order to deduct the same on his individual return. 25 T.C. at 1052 (emphasis added). We maintain the terminology of the tax court and begin with whether expenses are "required." That is not to say the partnership agreement must read as a mandate demanding partners incur certain expenses in order for those to be deductible. Rather, it must be clear that the expenses were identified in some manner as ones the partners had agreed they would incur or by routine practice understood as necessary for partners to incur in the business of the partnership.

reimbursable by the partnership.[4]  The AR partnership agreement specifically provided that the following were reimbursable if approved by a managing partner: expenses partners incurred for reasonable travel, client maintenance and development expenses, interoffice travel involving an automobile, automobile lease and rental expenses for client travel, business meals and entertainment, and continuing legal education.  The court also determined that expenses for state bar membership and professional organizations were reimbursable as a matter of routine practice.  AR's chief financial officer during the relevant years testified that AR had a fairly liberal reimbursement policy.  The tax court concluded that reasonableness was the determinative criterion for reimbursement of AR expenses.

All of the expenses the tax court identified as indirect expenses that McLauchlan was required to incur were also found to be reimbursable by either AR's written policy or routine practice.  The tax court concluded, therefore, that McLauchlan was not required ultimately to bear any of these expenses.  *See Wallendal v. Comm'r*, 31 T.C. 1249, 1252 (1959) (providing for deduction when "expenses shall be borne by particular partners out of their own funds").  Moreover, the court noted that McLauchlan failed to present any evidence of specific expenses for which AR had denied him reimbursement.  The tax court concluded McLauchlan was not required to pay, without reimbursement, any of the claimed expenses at issue and thus they were not properly deductible as unreimbursed partnership expenses.  *See id.*

McLauchlan urges that partners at AR were expected to self-fund various business expenses without reimbursement, including expenses for

---

[4] The court declined to assess whether the automobile expenses were reimbursable because it alternatively found that those expenses were not properly substantiated, and therefore not deductible.  We will address the automobile expenses and substantiation requirement separately in Section II.b.

cellular phones, office furniture, advertising, computers, home office, and a number of other expenditures. The tax court declined to credit McLauchlan's vague and general testimony regarding expenses he was allegedly expected to incur as a partner without reimbursement. It concluded it was self-serving, unverified, and undocumented and therefore the court was not required to accept it. *See Shea v. Comm'r*, 112 T.C. 183, 189 (1999). McLauchlan also disputes the concept that expenses are deductible only if AR required him to incur them. He argues that all of his expenses should be deductible because they were partnership-related expenses for the benefit of the partnership. This argument ignores the general rule that a partner may not deduct expenses of the partnership on his individual return, even if they are incurred in furtherance of partnership business. *Cropland Chem. Corp.*, 75 T.C. at 295.

McLauchlan also challenges the tax court's use of "unreimbursable" as an element of deductibility. He contends the tax court's analysis has expanded the legal rule regarding deductibility of partnership expenses creating an additional requirement that expenses not be reimbursable by the partnership. He argues this additional requirement creates a rule that a partner must seek reimbursement for every expense and document the denial of such a request before claiming a deduction. McLauchlan again asserts that partners at AR regularly incurred expenses that they did not submit for reimbursement and that reimbursements were not unlimited or automatic. He argues he therefore should be able to deduct his unreimbursed expenses regardless of whether they were in fact reimbursable.

The requirement that an expense not be reimbursable by the partnership in order to be deductible flows from the fact that partnership expenses may only be deducted on an individual partner's tax return if the partnership agreement provides "such expenses shall be borne by particular partners *out of their own funds.*" *Wallendal*, 31 T.C. at 1252 (emphasis added). It follows

No. 12-60657

that, if a partnership agreement provides for reimbursement of an expense, it is not one a partner is required to bear out of his own funds.  The tax court was correct in its assessment that the agreement of the partners must require the partner to "bear the . . . unreimbursed expenses out of his personal funds" in order for the same to be deductible from his individual gross income.  *Klein*, 25 T.C. at 1052.

Additionally, if a partner has a right to reimbursement and does not elect to pursue it, that partner should not be entitled to deduct the expenses.  *See Occhipinti v. Comm'r*, 28 T.C.M. 978 (1969), *aff'd sub nom. Bayou Verret Land Co. v. Comm'r*, 450 F.2d 850 (5th Cir. 1971) (disallowing deductions for partnership expenses if they were reimbursable by the partnership and partner failed to seek reimbursement).  To conclude otherwise would allow a taxpayer to convert an expense of the partnership into one of his own simply by failing to seek reimbursement.  *See Orvis v. Comm'r*, 788 F.2d 1406, 1408 (9th Cir. 1986) (reasoning, in the context of deduction of necessary business expenses, that a deduction is not allowed when an employee fails to seek reimbursement for an employment expense when entitled to do so).

The AR partnership agreement specifically provided for expenses McLauchlan was required to incur.  Any additional expenses McLauchlan chose to incur, such as those for advertising, contract labor, home office, or supplies, are not deductible as partnership expenses.  Further, AR's reimbursement practices show that the remainder of McLauchlan's expenses, ones he was required to incur, were all reimbursable per AR's liberal reimbursement policy.  McLauchlan did not present evidence of specific expenses he was required to incur without reimbursement.  Because all of McLauchlan's claimed expenses either were reimbursable by the partnership, or were not partnership expenses McLauchlan was required to incur, we affirm

9

the tax court's conclusion disallowing McLauchlan's deductions. *See Klein*, 25 T.C. at 1051-52.

### b. *Unsubstantiated expenses*

As noted earlier, the tax court concluded it was unnecessary to evaluate whether McLauchlan's automobile expenses were reimbursable, even though AR's partnership agreement required him to incur them, because the tax court found he could not meet the substantiation requirements for a deduction.

The tax code provides that in order to claim certain types of deductions, including deductions related to passenger automobiles, a taxpayer must meet strict substantiation requirements.    I.R.C. §§ 274(d), 280F(d)(4)(A)(i). McLauchlan's claimed automobile deductions stem from his use of two passenger automobiles subject to these requirements.    In order to claim deductions for his business use of an automobile, McLauchlan must substantiate (1) the amount of each separate expenditure, (2) the mileage for each business use and total mileage for all business use of the automobile, (3) the date of the expenditure or use, and (4) the business purpose for the expenditure or use.  Temp. Treas. Reg. § 1.274-5T(b)(6).

McLauchlan did not maintain records indicating the amount of business use and total use, the dates of any business use, or the purpose of any business use for the automobiles.  We agree with the tax court's determination and conclude McLauchlan was not entitled to deduct the automobile expenses due to his failure to meet the substantiation requirements of Section 274.

Having concluded McLauchlan was not entitled to any of the claimed deductions for unreimbursed partnership expenses, we turn now to the tax court's assessment of accuracy-related penalties.

III.   *Accuracy-related penalties*

The determination of whether a taxpayer acted with reasonable cause and in good faith in making a substantial understatement of tax liability on his tax return is a factual issue we review for clear error. *Srivistava v. Comm'r*, 220 F.3d 353, 367 (5th Cir. 2000), *overruled on other grounds by Comm'r v. Banks*, 543 U.S. 426 (2005).  The Commissioner has the burden of production and must come forward with sufficient evidence that it is appropriate to impose a penalty.  I.R.C. § 7491(c).

The Internal Revenue Code provides for imposition of an accuracy-related penalty of twenty-percent on underpayments of tax attributable to, among other things, negligence or disregard of rules or regulations, or any substantial understatement of income tax.  I.R.C. § 6662(a), (b)(1) and (b)(2).  A substantial understatement is an amount that exceeds the greater of ten-percent of the tax required to be shown on the return, or $5,000.  I.R.C. § 6662(d)(1)(A).  A taxpayer is not liable for an accuracy-related penalty if the taxpayer acted with reasonable cause and in good faith.  I.R.C. § 6664(c)(1).  Whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his proper tax liability; the knowledge, experience and education of the taxpayer; and the reliance on the advice of a professional.  Treas. Reg. § 6664-4(b)(1).

Here, because ten percent of the tax McLauchlan was required to show on his return is greater than the $5,000 threshold, we apply the ten-percent standard to determine whether Mclauchlan's underpayment rises to the level of substantial.  In both 2005 and 2006, McLauchlan's underpayment amounts far-exceeded the ten-percent threshold and are, therefore, "substantial" under

No. 12-60657

Section 6662(d)(1)(A).[5]  Evaluating whether McLauchlan could show he acted with reasonable cause and good faith, the tax court found that McLauchlan had been a well-educated practicing attorney for over twenty years, had failed to seek the assistance of a tax professional, and had prepared his own federal income tax returns for the years in issue.  Additionally, the court concluded McLauchlan had repeatedly disregarded the rules and regulations on reporting income and claiming deductions, and failed to offer any persuasive evidence that he acted with reasonable cause and in good faith.  Accordingly, the tax court did not clearly err in its determination that McLauchlan did not act with reasonable cause and good faith.  *See Srivistava*, 220 F.3d at 367.

As we noted earlier, the Government acknowledged that it failed to credit McLauchlan for the deductions for depreciation in 2006 and charitable deductions in 2005 and 2006 allowed by the tax court.  We REMAND solely for the re-computation of McLauchlan's deficiencies and penalties, crediting McLauchlan the overlooked deductions.  Otherwise, we AFFIRM the conclusions of the tax court disallowing the remainder of McLauchlan's claimed deductions for partnership expenses as well as the tax court's assessment of liability for the accuracy-related penalties.

AFFIRMED and REMANDED.

---

[5] McLauchlan reported income tax liabilities on his returns in the amounts of $12,127 for 2005, $22,228 for 2006, and $378 for 2007.  Deficiencies of income tax were determined in the amounts of $46,600 for 2005, $58,285 for 2006, and $4,619 for 2007.  Thus, the underpayment amounts are substantial only for 2005 and 2006.  Again, we note the Government's acknowledged error in computing the deficiencies due to failing to include McLauchlan's deductions for depreciation and charitable deductions.  The Government proffers that after crediting McLauchlan those deductions, the deficiencies for 2005 and 2006 will be in the amounts of $45,943.20 and $57,153, respectively; meaning the underpayment amounts for those years will remain substantial for purposes of calculating any accuracy-related penalties.