**Thomas V. ORVIS and Bobye G. Orvis, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–7873.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1985.

Decided May 1, 1986.

Thomas V. Orvis, Bobye G. Orvis, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., I.R.S., Teresa McCaughlin, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before REINHARDT, BEEZER, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

This case raises two questions under the Internal Revenue Code of 1954 (the "Code") as in effect in 1978:[1] (1) whether a taxpayer's contribution to an individual retirement account is deductible when the taxpayer is a participant in another qualified retirement plan for a portion of the tax year, and (2) whether an item is deductible as a necessary expense of a taxpayer's trade or business when the taxpayer could have sought reimbursement from his employer but failed to do so. The Tax Court held that neither item was deductible. We have jurisdiction, 26 U.S.C. § 7482(a), and we affirm.

## I

The County of Fresno, California, employed Bobye G. Orvis during the first six months of 1978. As a condition of Mrs. Orvis' employment, the County required her to participate in a defined benefit retirement plan. The plan provided for employer and employee contributions in an amount sufficient to satisfy the total projected future liability for employee retirements. Upon termination of employment with the County after less than five years of service, an employee receives a refund of his contributions plus accrued interest (but does not receive any portion of the employer contributions).

Mrs. Orvis terminated her employment with the County in June, 1978, and received a refund of her contributions to the plan plus interest. Because she had been employed by the County for less than five

---

1. 26 U.S.C. §§ 1–9041 (1976 & Supp. V 1981) (hereinafter cited as I.R.C.)

years, Mrs. Orvis forfeited her interest in the County's contribution and was no longer eligible for benefits. In September, 1978, Mrs. Orvis contributed $1,500 to an individual retirement account ("IRA") and claimed a deduction for this amount on her and her husband's 1978 joint tax return. The Commissioner determined that the IRA contribution was not deductible, and the Tax Court affirmed. Mrs. Orvis appealed.

We review the Tax Court's interpretation of the Internal Revenue Code *de novo*. *See Dumdeang v. Commissioner*, 739 F.2d 452, 453 (9th Cir.1984). Mrs. Orvis relies generally on I.R.C. § 219(a)(1)[2] and specifically on the Seventh Circuit's decision in *Foulkes v. Commissioner*, 638 F.2d 1105 (7th Cir.1981) to support her position that the IRA contribution is deductible. In *Foulkes*, the Seventh Circuit held that section 219(a)(1) entitled the taxpayer to a deduction even though the taxpayer had been a member of a qualified retirement plan for a portion of the tax year. In so holding, the court determined that section 219(b)(2)(A)(i) of the Code did not preclude deduction of the IRA contribution. That section provided in part:

**(b) Limitations and Restrictions**
**(2) Covered by certain other plans**
No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year—
(A) he was an active participant in—
(i) a [qualified pension, profit-sharing, or stock bonus] plan described in section 401(a) which includes a trust exempt from tax under section 501(a) ....

The court in *Foulkes* found the term "active participant" to be ambiguous and then examined the legislative history for guidance. *Id.* at 1109. The court reasoned

that because the purpose behind section 219(b)(2)(A)(i) is to prevent the possibility of a double tax benefit through the taxpayer's participation in more than one retirement plan during the tax year, the term "active participant" does not include the taxpayer who is no longer eligible for retirement benefits under a plan at the end of his tax year even though he contributed to the plan for a portion of the year.

We believe that the *Foulkes* interpretation of section 219(b)(2)(A)(i) is inconsistent with the statute's plain meaning and the legislative history. Section 219(b)(2)(A)(i) of the Code states that an IRA contribution is not deductible if the taxpayer is an active participant in a qualified plan *"for any part of such year."* I.R.C. § 219(b)(2)(A)(i) (emphasis added). Mrs. Orvis was an active participant in a qualified plan for a part of 1978. The plain and unambiguous meaning of the Code dictates that her IRA contribution was not deductible.[3] *See, e.g., Hildebrand v. Commissioner*, 683 F.2d 57, 59 (3d Cir.1982); *Johnson v. Commissioner*, 661 F.2d 53, 55 (5th Cir.1981); *Orzechowski v. Commissioner*, 592 F.2d 677, 678–79 (2d Cir.1979).

The legislative history of I.R.C. § 219 states that "[a]n individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits." H.Rep. No. 93–807, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4794. Mrs. Orvis does not dispute that both she and the County contributed to the plan during the first six months of 1978. As a result, she accrued potential benefits under the plan during those months; the fact that these benefits were forfeitable is irrelevant. A taxpayer, like Mrs. Orvis, whose expected dollar val-

---

**2.** Section 219(a)(1) provided in relevant part:
**(a) Deduction Allowed**
In the case of an individual, there is allowed as a deduction amounts paid in cash for the taxable year by or on behalf of such individual for his benefit—
(1) to an individual retirement account described in section 408(a) ....

**3.** As the Third Circuit noted:

It bears mentioning that other taxpayers who relied upon the plain meaning of the statute by not claiming a deduction lost what is sought here. From the standpoint of equality then, reliance on the clear language of the Code distributes unhappiness without discrimination.
*Hildebrand*, 683 F.2d at 59.

ue in retirement benefits increases because of her or her employer's contributions is an "active participant" in a retirement plan for the purposes of section 219(b)(2)(A). *See Hildebrand,* 683 F.2d at 58–59. We conclude that Mrs. Orvis was not entitled to deduct her 1978 IRA contributions.

## II

Thomas V. Orvis was employed by Fresno County in 1978 as an assistant district attorney and was required to use his personal automobile in the course of his employment. Mr. Orvis was not aware that the County had a policy of fully reimbursing its employees for travel expenses, and did not seek reimbursement for these expenses during 1978. Mr. Orvis deducted $1,275 of travel expenses on his and his wife's 1978 joint tax return. The Commissioner denied the deduction, and the Tax Court affirmed.

■ We review the Tax Court's decision *de novo. Dumdeang,* 739 F.2d at 453. Section 162 of the Code stated in relevant part:

**Trade or business expenses**

**(a) In general**

There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \*

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business ....

26 U.S.C. § 162 (1976).

Mr. Orvis does not dispute that he could have received reimbursement from the County for his automobile expenses had he requested it. Numerous courts have held that an expense is not "necessary" under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his employment, when entitled to do so. *See, e.g., Coplon v. Commis-*

*sioner,* 277 F.2d 534, 535 (6th Cir.1960); *Heidt v. Commissioner,* 274 F.2d 25, 28 (7th Cir.1959); *Stolk v. Commissioner,* 40 T.C. 345, 356 (1963), *aff'd,* 326 F.2d 760 (2d Cir.1964).

We agree with the reasoning of these courts. A bright line rule prohibiting deductions for reimbursable expenses avoids the difficult inquiry into the taxpayer's knowledge, and gives the taxpayer an incentive to determine which expenses are reimbursable. The rule also forecloses an avenue for tax manipulation by preventing the taxpayer from converting a business expense of his company into one of his own simply by failing to seek reimbursement. *See Coplon,* 277 F.2d at 535.

The decision of the Tax Court is

AFFIRMED.