T.C. Summary Opinion 2011-125

UNITED STATES TAX COURT

SHARON R. WRIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5831-10S.                    Filed October 24, 2011.

Sharon R. Wright, pro se.

<u>Carrie L. Kleinjan</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioner in which he determined a deficiency of $2,665 for 2007. The issue for decision is whether petitioner is entitled to deductions claimed for unreimbursed employee business expenses reported on Schedule A, Itemized Deductions.[1]

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in New Jersey when she filed her petition.

In 2007 petitioner was employed by EVO Merchant Services (EVO) as a sales manager. Her job entailed, inter alia, field training, which required her to travel. EVO had a reimbursement policy for travel and entertainment expenses incurred on behalf of the business. EVO would reimburse employees for the following expenses: (1) Air travel, (2) ground transportation, (3) local expenses, i.e., taxi or subway fares, (4) auto rentals, (5) overnight lodging, (6) meals, (7) entertainment, (8) tips and

---

[1]Respondent also disallowed petitioner's claimed deduction for $200 of "job search fees". Petitioner did not address her job search fees in her petition or at trial; therefore, the Court deems this issue conceded. See Rule 34(b)(4). Other adjustments made to petitioner's itemized deductions are computational and will not be discussed.

gratuities, (9) laundry, (10) organization and club memberships, (11) insurance, (12) telephone, and (13) business gifts. EVO would not reimburse expenses for the following: (1) Civil fines incurred during company business because of parking, speeding, or other violations, (2) child care fees, (3) airline and/or car rental club memberships, (4) ordinary personal phone calls unless traveling on business, (5) annual fees for personal credit cards or traveler's checks, (6) donations to charitable organizations, (7) flight insurance, or (8) subscriptions for business publications.

Petitioner submitted monthly expense reports to EVO. Each expense report listed four areas of expenses: Transportation, accommodation, meals and entertainment, and miscellaneous.

Petitioner timely filed her 2007 Federal income tax return and deducted $14,063 for unreimbursed employee business expenses.

Respondent issued petitioner a notice of deficiency disallowing the deduction for all of petitioner's unreimbursed employee business expenses.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with

respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that she satisfied the requirements of section 7491(a). Therefore, petitioner bears the burden of proof with respect to the issues in the notice of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, a taxpayer must substantiate all expenses. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The performance of services as an employee is considered a trade or business for section 162 purposes. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). Employees cannot deduct such expenses, however, to the extent that they are entitled to reimbursement from their employers for expenditures related to their status as employees. Robinson v. Commissioner, T.C. Memo. 2011-99 (citing Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533, and Lucas v. Commissioner, 79 T.C. 1, 7 (1982)).

Petitioner testified that EVO reimbursed only expenses that had been approved in advance and that EVO's reimbursement policy was not available to the division for which she worked.  She also testified that through telephone conversations she was denied reimbursement of certain expenses when she requested it. Petitioner provided no evidence corroborating her testimony that EVO's reimbursement policy was not available to her and that EVO denied reimbursement of her expenses.  Petitioner's testimony is self-serving, and the Court does not have to accept it as the truth.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

EVO had a policy to reimburse employees for expenses related to their employment, and petitioner received reimbursement for certain expenses under the policy.  Petitioner did not provide any credible evidence that her request for reimbursement for other expenses was or would have been denied.  Therefore, respondent's determination to disallow the deduction for all of petitioner's unreimbursed employee business expenses is sustained.[2]

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

---

[2]Even if the Court found that EVO would not have reimbursed petitioner for her expenses, she has failed to substantiate them under either sec. 162 or 274.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.