T.C. Summary Opinion 2012-109

UNITED STATES TAX COURT

ANNETTE L. BARNETT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7926-11S.                    Filed November 1, 2012.

Annette L. Barnett, pro se.

Whitney N. Moore, for respondent.

SUMMARY OPINION

WHERRY, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code of 1986 as amended and in effect for the taxable year at issue, and all Rule

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion should not be treated as precedent for any other case.

This case is before the Court on a petition for redetermination of an income tax deficiency of $1,189 that respondent determined for petitioner's 2009 taxable year. After concessions,[2] the issue for decision is whether petitioner is entitled to a deduction for unreimbursed employee business expenses greater than the amount respondent allowed. The unreimbursed employee business expenses in dispute concern only vehicle expenses.

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner conceded that she received income of $1,237 from the refund of State income taxes. Respondent concedes that petitioner is entitled to a deduction of $5,385 for unreimbursed employee business expenses before the application of the 2% floor of sec. 67(b). Of the conceded unreimbursed employee business expenses, $4,800 was for petitioner's vehicle expense and $585 was for other expenses.

At trial petitioner produced no evidence substantiating the remaining disallowed other business expenses. Therefore, we deem the issues relating to the other business expenses conceded. See Rule 149(b).

Finally, we note that in the notice of deficiency respondent allowed petitioner the standard deduction of $5,700 in lieu of the claimed itemized deductions. Because respondent allowed petitioner's itemized deduction for State and local income taxes and conceded the $5,385 in unreimbursed employee business expenses, petitioner's itemized deductions again exceed the $5,700 standard deduction, even after the application of the 2% floor of sec. 67(b) and petitioner's concessions.

## Background

Some of the facts have been stipulated. The stipulation of facts with accompanying exhibits and the stipulation of settled issues are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

During the taxable year at issue petitioner worked as a salesperson for Rotech Healthcare, Inc. (Rotech). For the first two months of the taxable year petitioner worked out of the Fountain Valley office. For the remainder of the year she worked out of the Gardena office. As a salesperson, petitioner made sales calls to customers at their homes and to healthcare professionals at doctor's offices, hospitals, skilled nursing facilities, and assisted living facilities. Petitioner's customers needed medical equipment such as nebulizers, ventilators, pulse oximeters, bilevel machines, and continuous positive airway pressure machines. Petitioner's workday began at Rotech's office, either in Fountain Valley or Gardena. From these offices petitioner would drive her personal car to appointments with customers and healthcare professionals. At the end of the day petitioner would drive back to Rotech's office or straight home, depending on the location of her last appointment.

For the 2009 taxable year petitioner attached a Schedule A, Itemized Deductions, and a Form 2106-EZ, Unreimbursed Employee Business Expenses, to her Form 1040, U.S. Individual Income Tax Return. On the Schedule A and the Form 2106 petitioner claimed $17,192 for unreimbursed employee expenses: $8,925 for vehicle expenses and $8,267 for other business expenses. Petitioner reported that she drove her vehicle 16,228 miles for business and 6,372 miles for other reasons. Petitioner did not report that she drove the vehicle any miles for commuting. As part of a nonaccountable plan Rotech provided petitioner with a car allowance of $184.62 per pay period, which petitioner included in gross income.

Respondent issued a notice of deficiency on February 11, 2011, disallowing the $17,192 deduction for unreimbursed employee business expenses and determining an increase in income of $1,237 for a State tax refund. All other adjustments were computational. Petitioner timely filed a petition for redetermination with this Court. A trial was held on March 14, 2012.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering,

290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner in certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof.

This case involves a deduction claimed on Schedule A of petitioner's 2009 tax return. Deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers are required to identify each deduction, show that they have met all requirements, and keep books or records to substantiate all claimed deductions. Sec. 6001; Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974); sec. 1.6001-1(a), Income Tax Regs.

The deduction in dispute here is allowable, if at all, under section 162(a), which allows deductions for ordinary and necessary business expenses. A business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business. See Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). The term "trade or business" as used in section 162(a) includes the trade or business of being an

employee.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).  But to obtain a deduction for expenses incurred through the performance of services as an employee, the taxpayer must not have the right to obtain reimbursement from his employer.  See Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.

If the expenses are reimbursed by the employer pursuant to an accountable plan, the reimbursed amount is excluded from gross income and not considered wages or other compensation.  Sec. 1.62-2(c)(4), Income Tax Regs.  But if the reimbursement is not made under an accountable plan, then the amount of the reimbursement is includible in gross income.  Sec. 1.62-2(c)(5), Income Tax Regs. In that case, the taxpayer may deduct actual expenses as miscellaneous itemized deductions.  Id.  To qualify as an accountable plan, the plan must have a business connection, require substantiation of expenses, and require the return of amounts exceeding expenses incurred.  Sec. 1.62-2(d), (e), and (f), Income Tax Regs.

If a taxpayer establishes that he or she is entitled to a deduction but is unable to substantiate the amount of that deduction, the Court can estimate the amount, bearing heavily against the taxpayer.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  But the taxpayer must provide some credible

evidence upon which to base the estimate. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

Section 274, however, imposes heightened substantiation requirements for certain expenses, including automobile expenses. Secs. 274(d), 280F(d)(4)(A)(i). For expenses relating to automobiles, a taxpayer must substantiate "by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of each separate expense; (2) the mileage for each business use of the automobile and the total mileage for all purposes during the taxable period; (3) the date of the business use; and (4) the business purpose of the use. Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To satisfy the adequate records requirement of section 274, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). Account books, diaries, logs, statements of expense, trip sheets, and similar records generally qualify as adequate records. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., <u>supra</u>. "A contemporaneous log is not required", but the Court will afford a statement that is not made at or near the time of the expenditure the same degree of

credibility only if the taxpayer's reconstruction has "a high degree of probative value". Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., <u>supra</u>.

Petitioner produced weekly planners created for Rotech. These planners listed petitioner's appointments for each day of the week along with a brief description of their purpose. Petitioner provided planners for only 13 weeks, some of which were missing pages.[3] About half of the planners had petitioner's name on the top, but the rest did not. For most days notations reflected the miles petitioner traveled. Where the mileage was recorded, it was sometimes handwritten and sometimes typed. According to petitioner, she added the handwritten mileage shortly before trial and the handwritten numbers reflect a number that her computer would not print.

Petitioner provided two sets of these weekly planners. One set, which petitioner produced at trial, had 11 weeks. The other set, which petitioner provided to a tax compliance officer sometime before trial, had only five weeks, two of which were in August and were not included in the set produced at trial.

---

[3]At trial petitioner indicated that she believed she could obtain copies of the other 39 weeks of planners from Rotech. We informed petitioner that we would not issue an opinion in this case for at least 60 days to give her time to obtain further documentation and an opportunity, working with respondent, to reach and submit additional joint stipulations to the Court. To date we have not received any such stipulations, and we therefore decide the case on the record before us.

Planners for the remaining three weeks were in the set produced at trial, but the handwritten mileage numbers are not consistent between the two sets for the week of June 1, calling into question the accuracy of the rest of the handwritten mileage entries on both sets.

In addition, Rotech provided petitioner with a car allowance of $184.62 per pay period, for a total of $4,800.[4] This allowance was part of a nonaccountable plan. Respondent conceded that petitioner is entitled to a deduction in this amount. Thus, petitioner's records would have to substantiate an amount greater than $4,800, but her records, even when viewed in the most favorable light, do not show a greater amount.[5] Petitioner has not shown that she is entitled to an amount greater than that respondent allowed and has not carried her burden of proof.

---

[4]Petitioner stated that she did not receive this amount every month. But payroll records reveal that petitioner received the car allowance every pay period.

[5]Petitioner's records show at most an expense of $2,379.30, which makes respondent's concession appear generous in the light of applicable income tax regulations. See, e.g., sec. 1.62-2(c)(5), Income Tax Regs.; sec. 1.274-5T(b)(6), (c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

The Court has considered all of petitioner's contentions, argument, requests, and statements. To the extent not discussed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.