T.C. Memo. 2015-23

UNITED STATES TAX COURT

MATTHEW C. PETERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30648-13.                    Filed February 11, 2015.

Matthew C. Peterson, pro se.

<u>Mayer Y. Silber</u> and <u>Briseyda Villalpando</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined deficiencies of $14,703 and

$5,236 and accuracy-related penalties under section 6662(a) of $2,941 and $942

for petitioner's tax years 2011 and 2012, respectively.

[*2]   Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

After concessions, the issues for consideration are (1) whether petitioner is entitled to deduct various expenses reported on his Schedules C, Profit or Loss From Business, for tax years 2011 and 2012, (2) whether petitioner is entitled to deduct miscellaneous employee business expenses reported on his Schedules A, Itemized Deductions, for tax years 2011 and 2012, and (3) whether petitioner is liable for accuracy-related penalties for tax years 2011 and 2012.[1]

### FINDINGS OF FACT

Some of the facts are stipulated and are so found.[2]  Petitioner resided in Illinois when he filed the petition.

---

[1]Petitioner conceded that he underreported (1) his taxable interest income by $61 for tax year 2011, (2) his Schedule C gross receipts by $1,320 for tax year 2011, and (3) his taxable wages by $9,090 for tax year 2012.  Respondent conceded that petitioner reported $30,725 of Schedule C gross receipts as rental income on his Schedule E, Supplemental Income, for tax year 2011.

[2]At trial we agreed to keep the record open (1) for one week to allow the parties to agree to a supplemental stipulation of facts that included petitioner's 2012 bank records as exhibits and (2) for two weeks to allow respondent to obtain and submit a declaration from the Chicago Police Department (CPD) that addresses the CPD's reimbursement policy regarding bulletproof vests.

[*3]   During 2011 and 2012 petitioner was a full-time police officer for the city of Chicago.  As a police officer petitioner patrolled specific areas within the city limits of Chicago.  The Chicago Police Department (CPD) assigned him a police car to use and paid for its gasoline.  The CPD required petitioner to attend some on-duty police training.  Petitioner also voluntarily attended some off-duty training that was not specifically required for his position with the CPD.

During 2011 and 2012 petitioner was the sole owner and sole employee of a company named Peterson Security.  Petitioner provided specialized security services to various companies through Peterson Security.  Petitioner took classes towards a master's degree in emergency management.  During 2012 petitioner was also employed as a security guard for a school.

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for tax years 2011 and 2012.  Petitioner attached both a Schedule A and a Schedule C for Peterson Security to each of his Forms 1040.

On his 2011 Form 1040 petitioner claimed $38,377 of itemized deductions on the basis of his Schedule A and a $9,303 business loss deduction on the basis of his Schedule C.  On his Schedule A petitioner reported unreimbursed employee expenses of $9,371.  He attached a Form 2106, Employee Business Expenses, to his Form 1040 to explain his unreimbursed employee expenses.  He reported his

[*4] occupation as policing activities. His expenses consisted of $4,914 for vehicle, $983 for parking fees, tolls, and transportation, $1,966 for travel, and $1,508 for other business expenses. He used the standard mileage rate to compute his vehicle expenses. On his Schedule C petitioner reported $6,680 of gross receipts and $15,986 of expenses. Petitioner's Schedule C expenses included $2,097 for meals and entertainment, $1,985 for travel, and $3,185 for office expenses. Petitioner also reported $1,275 of other expenses for protective clothing.

On his 2012 Form 1040 petitioner claimed $32,278 of itemized deductions on the basis of his Schedule A and a $1,263 business loss deduction on the basis of his Schedule C. On his Schedule A petitioner reported unreimbursed employee business expenses of $9,318. Petitioner attached a Form 2106 to his Form 1040 to explain his unreimbursed employee business expenses. He reported his occupation as "outs. security svcs". His expenses consisted of $5,235 for vehicle, $877 for parking fees, tolls, and transportation, $1,365 for travel, and $1,841 for other business expenses. He used the standard mileage rate to compute his vehicle expenses. On his Schedule C petitioner reported $9,540 of gross receipts and $10,803 of expenses. Petitioner's Schedule C expenses included $1,750 for travel and $2,700 for office expenses.

**[*5]** For 2011 petitioner filed a Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits).

On September 27, 2013, respondent mailed petitioner the notice of deficiency.

Respondent provided a sworn declaration of the Commander of Management and Labor Affairs (Commander) for the CPD.[3] In the declaration the Commander describes the reimbursement policy of the CPD. The Commander states that the CPD pays for each police officer's first bulletproof vest while he or she is attending the police academy. The CPD will pay for replacement vests if the vests become unusable because of damage caused while the police officer is performing his or her official duties. Vests typically must be replaced approximately five years after being placed into service. The CPD also provides police officers with an $1,800 uniform allowance payable in three installments of $600 over the course of each year. This allowance is provided regardless of individual police officer needs. If the CPD changes the police officer uniform or requires additional clothing or protective gear, the CPD will pay for the first issue of the new uniform, clothing, or protective gear. Officers may use the uniform

---

[3]Petitioner did not object to respondent's request to have a sworn declaration included in the record. The Court ordered petitioner to provide a response to the sworn declaration, but he chose not to file a response.

**[*6]** allowance towards the purchase of any bulletproof vest not paid for by the CPD.

## OPINION

### I.    Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The taxpayer likewise bears the burden of proving his or her entitlement to deductions allowed by the Code and of substantiating the amounts of claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner.  Petitioner has not claimed or shown that he meets the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

### II.    Petitioner's Schedule A and Schedule C Deductions

Section 162 permits a taxpayer to deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  An ordinary expense is one that commonly or frequently occurs in the taxpayer's

**[*7]** business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. at 113. The expense must directly connect with or pertain to the taxpayer's business. Sec. 1.162-1(a), Income Tax Regs. The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).

Deductions are a matter of legislative grace, and as previously stated, a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). To that end taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

Normally the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Van Dusen v. Commissioner, 136 T.C. 515, 537 n.39 (2011).

**[\*8]**    Certain expenses specified in section 274, such as vehicle expenses, travel expenses, and expenses for meals and entertainment, are subject to strict substantiation rules.  Secs. 274(d)(1), (2), (4), 280F(d)(4)(A)(i).  To meet these strict substantiation rules, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place of the travel, entertainment, or use, (3) the business purpose of the expenses, and (4) the business relationship to the taxpayer of the persons entertained.  Sec. 274(d).  To substantiate by adequate records, the taxpayer must provide (1) an account book, a log, or a similar record and (2) documentary evidence, which together are sufficient to establish each element of an expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Documentary evidence includes receipts, paid bills, or similar evidence.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.  Section 274(d) overrides the <u>Cohan</u> rule.  <u>Boyd v. Commissioner</u>, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language).  If the taxpayer fails to substantiate by adequate records, the taxpayer must substantiate each element of an expenditure by sufficient evidence supporting his or her own statement.  Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

**[*9]** A.    <u>Unreimbursed Employee Business Expenses</u>

Miscellaneous itemized deductions, such as the deduction for unreimbursed employee business expenses, are allowed only to the extent that the total of such deductions exceeds 2% of adjusted gross income.  Sec. 67(a).  However, to deduct expenses incurred through the performance of services as an employee, the taxpayer must not have the right to reimbursement for such expenses from his or her employer.  <u>See</u> <u>Orvis v. Commissioner</u>, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.

On his Schedules A petitioner reported unreimbursed employee business expenses of $9,371 and $9,318 for 2011 and 2012, respectively.  Petitioner's Forms 2106 indicate that his Schedule A expenses consisted of vehicle expenses, transportation expenses, travel expenses, and other expenses.  Petitioner testified that his Schedule A expenses related to his off-duty police training.  Petitioner took classes towards a master's degree in emergency management, but he testified that these classes were related to Peterson Security.[4]  He testified that this degree

---

[4]Petitioner testified that he paid $2,250 towards his classes in 2011. Respondent allowed petitioner's claimed educational credit for tuition paid during tax year 2011.  A taxpayer is not permitted to both deduct and take a credit for the same educational expenses for the same tax year.  Sec. 25A(g)(5); <u>see also</u> sec. 1.25A-5(d), Income Tax Regs.  It is not clear from the record whether petitioner also reported the $2,250 expense on either his Schedule A or Schedule C for 2011.

(continued...)

[*10] was not necessary to his business, but rather helpful in broadening his knowledge and making him more marketable to prospective customers. He did not provide specific information about any other off-duty training or education.

### 1. Vehicle Expenses

Petitioner reported $4,914 and $5,235 for vehicle expenses for 2011 and 2012, respectively. Vehicle expenses are subject to the strict substantiation requirements of section 274(d). Petitioner testified that these expenses were not related to his on-duty work for the CPD. He acknowledged that the CPD provided him with a police car and paid for its gasoline. Petitioner testified that he incurred these expenses while driving to his off-duty training and education but provided no specific information in this regard. Petitioner provided his bank statements. However, these statements do not describe the business purpose of the expenses. Petitioner failed to meet the strict substantiation requirements of section 274(d). Petitioner also failed to prove that he was not reimbursed for these expenses. We sustain respondent's disallowance of the deductions for them.

---

[4](...continued)
To the extent that he did, he failed to prove that he was entitled to deduct the expense, and we hold that he is not entitled to deduct it.

**[*11]** 2. Parking Fees, Tolls, and Transportation Expenses

Petitioner reported $983 and $877 for parking fees, tolls, and transportation for 2011 and 2012, respectively. Petitioner testified that these expenses were not related to his on-duty work for the CPD. His bank statements do not describe the business purpose of these expenses, and petitioner provided no additional evidence. Petitioner also failed to prove that he was not reimbursed. We sustain respondent's disallowance of the deductions for these expenses.

3. Travel Expenses

Petitioner reported $1,966 and $1,365 for travel for 2011 and 2012, respectively. Travel expenses are subject to the strict substantiation requirements of section 274(d). Petitioner testified that he incurred these expenses while driving to his off-duty training and education. His bank statements do not describe the business purpose of these expenses, and petitioner provided no additional evidence. Petitioner failed to meet the strict substantiation requirements of section 274(d). He also failed to prove that he was not entitled to reimbursement for these expenses. We sustain respondent's disallowance of the deductions for them.

**[\*12]**      4.      Other Business Expenses

Petitioner reported $1,508 and $1,841 for other business expenses for 2011 and 2012, respectively. Petitioner testified that he purchased a bulletproof vest and other clothes and equipment for his work as a police officer. Petitioner testified that this was the second vest that he purchased, and the CPD provided a credit towards the purchase of his first vest when he was at the police academy. He testified that he was unaware of any CPD reimbursement policy.

Respondent provided the sworn declaration of the Commander for the CPD, which describes the reimbursement policy of the CPD. The Commander states that the CPD pays for each police officer's first bulletproof vest while he or she is attending the police academy. The CPD will pay for replacement vests if the vests become unusable because of damage caused while the police officer is performing his or her official duties. Typically vests must be replaced approximately five years after being placed into service. The CPD provides police officers with an $1,800 uniform allowance payable in three installments of $600 over the course of each year. This allowance is provided regardless of individual police officer needs. If the CPD changes the police officer uniform or requires additional clothing or protective gear, the CPD will pay for the first issue of the new uniform,

[*13] clothing, or protective gear. Officers may use the uniform allowance towards the purchase of any bulletproof vest not paid for by the CPD.

Petitioner's bank statements for 2011 and 2012 show that he received a uniform allowance. Therefore, petitioner was not entitled to deduct these expenses as unreimbursed employee business expenses. We sustain respondent's disallowance of the deductions for them.

B.    Schedule C Expenses

For both 2011 and 2012 petitioner attached a Schedule C for Peterson Security. For both years respondent allowed petitioner Schedule C expense deductions for car and truck, rent or lease of vehicles, machinery, and equipment, supplies, and utilities. For 2011 respondent also allowed petitioner to deduct expenses for protective clothing. However, respondent disallowed petitioner's Schedule C expense deductions for travel and office expenses for both years, and for meals and entertainment for 2011.

1.    Meals and Entertainment Expenses

Petitioner reported $2,097 for meals and entertainment expenses for 2011. Meals and entertainment expenses are subject to the strict substantiation requirements of section 274(d). Petitioner testified that he incurred these expenses while meeting with various individuals, including Web site developers and

[*14] business people, to discuss expanding, marketing, and advertising Peterson Security. Petitioner provided a noncontemporaneous expense log. However, this log does not describe the business purpose of the expenses, and petitioner offered no other corroborative evidence regarding this element. Petitioner failed to meet the strict substantiation requirements of section 274(d), and we sustain respondent's disallowance of the deductions for these expenses.

     2.     <u>Travel Expenses</u>

Petitioner reported $1,985 and $1,750 for travel expenses for 2011 and 2012, respectively. Travel expenses are subject to the strict substantiation requirements of section 274(d). He testified that he incurred these expenses developing business and completing business assignments for Peterson Security. Petitioner provided noncontemporaneous travel logs. However, these logs do not describe the business purpose of the expenses, and petitioner offered no other corroborative evidence regarding this element. Petitioner failed to meet the strict substantiation requirements of section 274(d), and we sustain respondent's disallowance of the deductions for these expenses.

     3.     <u>Office Expenses</u>

Petitioner reported $3,185 and $2,700 for office expenses for 2011 and 2012, respectively. Petitioner provided expense logs which he produced two

**[\*15]** weeks before trial, but they do not clearly explain the business purpose of all the expenses. We sustain respondent's disallowance of the deductions for these expenses.

III.   Penalties

Respondent determined that petitioner is liable for accuracy-related penalties pursuant to section 6662(a) for tax years 2011 and 2012. Section 6662(a) imposes a 20% penalty on any underpayment attributable to, among other things, negligence or disregard of rules or regulations within the meaning of subsection (b)(1).

The Commissioner bears the burden of production regarding the taxpayer's liability for any penalty. Sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner has met this burden, the taxpayer must provide persuasive evidence that the Commissioner's determination was incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, to exercise due care, or to do what a reasonable and prudent person would do under the circumstances. Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by a taxpayer to keep

[*16] adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Respondent has demonstrated that petitioner failed to keep accurate records with respect to his claimed deductions.

The accuracy-related penalty does not apply with respect to any portion of an underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). For purposes of section 6664(c) a taxpayer may be able to establish reasonable cause and good faith by showing reliance on professional advice. Sec. 1.6664-4(b)(1), Income Tax Regs. To establish good faith and reasonable cause through reliance on professional advice, the taxpayer must show that (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioner testified that he had his tax returns prepared by a third party. He was not sure whether the third party was a certified public accountant. Petitioner did not call the third party to testify, failed to provide evidence that the third party was a competent professional with sufficient expertise, and failed to prove that he

**[\*17]** provided the third party with necessary and accurate information.  Petitioner

is liable for the accuracy-related penalties for tax years 2011 and 2012.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.