T.C. Summary Opinion 2020-26

UNITED STATES TAX COURT

ANNA M. ARMSTRONG, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23698-18S.                    Filed September 17, 2020.

Anna M. Armstrong, pro se.

<u>Samuel M. Warren</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect at the time the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for taxable year 2015 (year in issue) of $2,640. The issue for decision is whether petitioner is entitled to deduct unreimbursed employee business expenses of $26,842.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. The record consists of the stipulation of facts with attached exhibits, exhibits introduced at trial, and petitioner's testimony.

Petitioner lived in California when the petition was timely filed.

I.     Petitioner's Professional Background

During the tax year in issue petitioner worked as an outside sales representative for Ace Relocation Systems, Inc. (ARS), a global and domestic shipping company. ARS is headquartered in San Diego, California.

---

[1](...continued)
Revenue Code in effect for the year in issue, all Rule references are to the Tax Court Rules of Practice and Procedure, and amounts are rounded to the nearest dollar.

Petitioner has worked for ARS since October 1999. Her duties consist of identifying and meeting with prospective customers, participating in organizations and clubs, and attending trade shows and conferences. During a typical week in 2015 petitioner either worked at her employer's office in Long Beach, California, or traveled to client meetings offsite. She also worked at home during most evenings throughout the week and on the weekends.

Petitioner resided in a house consisting of approximately 1,100 square feet. She converted a nook in her kitchen into a home office of approximately 300 square feet. The office space contained a desk, an office chair, a laptop computer, a monitor, a hard drive, a telephone, and other office items. Petitioner used the space to work on client contracts and to perform other sales-related activities, but she did not generally meet with clients at the home office.

Petitioner's position required her to travel to client worksites daily for in-person sales meetings. In order to reach the client meetings petitioner drove her personal vehicle or a rental vehicle either from ARS' office or directly from her home. ARS paid petitioner a $500-per-month vehicle allowance to compensate for her travel expenses. In 2015 ARS had an expense reimbursement policy in place that allowed reimbursement of business-related expenses up to 90 days after they were incurred. Petitioner's employer did not reimburse for vehicle expenses

beyond the $500 per month vehicle allowance, including any additional gas, maintenance, toll, and parking expenses. Neither did the company reimburse for professional clothing.

## II. Petitioner's Business Records

Petitioner retained some personal and business expense receipts. She did not provide receipts to her employer for reimbursement. She did not maintain a contemporaneous mileage log or any other document listing the time, date, business purpose, and miles traveled for client meetings. Instead, petitioner maintained records of her client contracts for each year on which she added handwritten notes estimating the miles driven to and from each client site. It is unclear whether the handwritten notes were created contemporaneously with petitioner's work trips or were added later to the documents in order to estimate her total mileage driven for the year. Petitioner also retained receipts and substantiating documents for other reported business expenses, including meals, groceries, utilities, home goods, and postage.

## III. Petitioner's 2015 Income Tax Return

Petitioner timely filed her individual Federal income tax return for 2015. She hired a professional tax return preparer to prepare her return and provided tax

documents and receipts to him. Petitioner reported gross income of $55,730 on a Form 1040, U.S. Individual Income Tax Return.

Petitioner's tax return for the year in issue included Schedule A, Itemized Deductions, on which she claimed various deductions including, as relevant here, the following unreimbursed employee expenses as reported on Form 2106, Employee Business Expenses:

| Expenses | 2015 |
|---|---|
| Vehicle | $7,981 |
| Parking fees, tolls, and transportation | 1,691 |
| Business expenses | 16,842 |
| Reimbursements | (6,000) |
| Total unreimbursed employee expenses | 20,514 |

Petitioner did not provide a breakdown of the reported expenses categorized broadly as "business expenses" on her 2015 tax return. She did, however, introduce into evidence numerous photocopies of receipts and other documents related to the purported business expenses. In addition to documentation related to her personal vehicle, petitioner's receipts related to reported business expenses for 2015 in the following categories: (1) cell phone and internet service, (2) business use of home as an office, (3) meals and groceries, (4) clothing and grooming, and (5) postage.

IV.    Notice of Deficiency

On October 1, 2018, respondent issued a notice of deficiency to petitioner for taxable year 2015.  Respondent disallowed petitioner's unreimbursed employee business expense deductions, determining that petitioner did not establish that they were paid or incurred during the taxable year or that the expenses were ordinary and necessary to her business.  Petitioner timely petitioned this Court for redetermination.

Discussion

I.    Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]  Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that she is entitled to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

---

[2]Pursuant to sec. 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner has neither alleged that sec. 7491(a) applies nor established her compliance with its requirements. Petitioner therefore bears the burden of proof.

A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. A taxpayer is required to maintain records sufficient to enable the Commissioner to determine his correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Such records must substantiate both the amount and purpose of the claimed deductions. Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

II. Unreimbursed Employee Business Expenses

Section 162(a) allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Performing services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). In order to deduct employee business expenses, a taxpayer must not have received reimbursement and must not have had the right to obtain reimbursement from her employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533. The taxpayer bears the burden

of proving that she is not entitled to reimbursement from her employer for such expenses. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973). The taxpayer can prove that she was not entitled to reimbursement by showing, for example, that she was expected to bear these costs. See id.; see also Dunkelberger v. Commissioner, T.C. Memo. 1992-723 (finding that management team expected taxpayer to bear expense of business lunches with vendors).

When a taxpayer establishes that she has paid a deductible trade or business expense but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). To apply the Cohan rule, however, the Court must have a reasonable basis upon which to make an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Congress overrode the Cohan rule with section 274(d), which requires strict substantiation for certain categories of expenses; in the absence of evidence demonstrating the exact amounts of those expenses, deductions for them are to be disallowed entirely. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Expenses subject to section 274(d) include travel and meal expenses as well as expenses for listed property such as passenger automobiles. Sec. 280F(d)(4). A taxpayer must substantiate by

adequate records or by sufficient evidence corroborating her own statement the amount, time, place, and business purpose of these expenditures. Sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Petitioner reported expenses totaling $26,514 for tax year 2015 in connection with her employment at ARS. She reported $6,000 in reimbursements from her employer. Thus the total net business expenses reported for 2015 is $20,514. According to respondent, petitioner has failed to establish that the reported expenses were ordinary and necessary expenses related to her business and, if business related, that they were not reimbursable by her employer.

A.     Vehicle, Parking, Toll, and Travel Expenses

Petitioner's 2015 vehicle, parking, toll, and travel expenses are subject to the strict substantiation rules of section 274(d) and thus they cannot be estimated. In support of the reported vehicle expenses of $7,981 and parking, toll, and transportation expenses of $1,691 for the year in issue, petitioner produced the following stipulated exhibits:  (1) a schedule showing ARS client orders with handwritten notes and estimated total mileage driven and related to each client, (2) client order forms showing handwritten notes with estimated miles driven to each client, and (3) receipts totaling $1,431 for parking, tolls, vehicle infractions, auto repair maintenance and other automobile purchases.

Petitioner's total mileage estimate includes 11,520 "office" miles driven as a part of her daily commute between her residence and her office and 1,477 "client" miles driven between either her office or her residence and client sites for meetings.  Generally, expenses that a taxpayer incurs in commuting between her home and her place of business are personal and nondeductible. Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); Heuer v. Commissioner, 32 T.C. 947, 951 (1959), aff'd per curiam, 283 F.2d 865 (5th Cir. 1960); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.  Expenses incurred for traveling between two or more places of business may be deductible as ordinary and necessary business expenses

under section 162 if incurred for business reasons. Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), aff'g and remanding T.C. Memo. 1962-233; Heuer v. Commissioner, 32 T.C. at 953; see also Fausner v. Commissioner, 55 T.C. 620 (1971) (permitting section 162 deductions for travel between jobs or job locations). If one of the places of business is the taxpayer's residence, however, the residence must be the taxpayer's principal place of business for the trade or business the taxpayer conducts at those other locations. See Strohmaier v. Commissioner, 113 T.C. 106 (1999). As discussed infra, we conclude that petitioner's residence was not her principal place of business. Thus, petitioner's "office" mileage (the travel between home and place of business) is not deductible.

At trial petitioner testified that she could not provide a contemporaneous log of miles driven from either her home or ARS' office to client meetings and worksites. Although we found petitioner's testimony generally credible and we have no doubt that she traveled significant distances for sales meetings with clients, she was unable to provide the Court with reliable evidence of her vehicle expenses. Further, the mileage estimates found on the client order forms and log do not detail the dates of travel, the names of events or meetings attended, or the departure and arrival locations for each trip. For these reasons, we conclude that

petitioner's estimate of "client miles" is insufficient to satisfy the strict substantiation requirements of section 274(d) and related regulations.

Standing alone, the vehicle expense, parking, and toll receipts and other substantiating documents are also insufficient to show that petitioner paid those expenses in connection with her employment with ARS. It is additionally unclear which, if any, of the expenses reported were covered by the $6,000 reimbursement that petitioner received and reported from her employer for vehicle and travel expenses. Accordingly, we conclude that petitioner has not established that she is entitled to deduct any amount of vehicle or parking, toll, and transportation expenses under section 274(d) for tax year 2015.

B.    Business Expenses

The remaining unreimbursed employee expense items for consideration are the deductions claimed and identified by petitioner as "business expenses" of $16,842 for 2015. Petitioner did not include a schedule detailing her business expenses with her 2015 tax return; however, the record contains a large number of purported business receipts. The categories of reported business expenses are cell phone and internet service, business use of home, meals and groceries, clothing and grooming, and postage. We consider these items separately.

### 1. Cell Phone and Internet Service

The record includes receipts totaling $399 relating to unreimbursed employee business expense deductions for cell phone and internet service supplied by AT&T U-verse for 2015. Cell phone and internet service expenses are not subject to the strict substantiation requirements of section 274(d).[3] Therefore, pursuant to the Cohan rule, the amount of deductible expenses can be estimated by this Court provided we have a reasonable basis for making an estimate of the amount of the expenses related to business use. See Vanicek v. Commissioner, 85 T.C. at 742-743 (finding that estimate must have reasonable evidentiary basis).

Although evidence in the record regarding the nature of petitioner's employment supports her contention that at least a portion of the reported cell phone and internet service expenses was incurred for business purposes, the service records petitioner supplied were in the name of her 25-year-old daughter.

---

[3]For taxable years beginning after December 31, 2009, cell phones are no longer included in the definition of listed property under sec. 280F(d)(4), which was amended by the Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043(a), 124 Stat. at 2560. As a result of this amendment, deductions for cell phone service expenses during the year in issue are not subject to the strict substantiation rules of sec. 274(d). Internet service expenses have been characterized as utility expenses rather than as expenses related to the use of listed property. See Barnes v. Commissioner, T.C. Memo. 2016-212, at *71-*72, aff'd, 773 F. App'x 205 (5th Cir. 2019); Verma v. Commissioner, T.C. Memo. 2001-132, slip op. at 12. So characterized, internet service expenses are also not governed by the strict substantiation rules of sec. 274(d).

At trial petitioner testified that she paid for the service in her daughter's name and that it was the only cell phone and internet service for their household.  She further testified that both she and her daughter used the AT&T U-verse service for personal reasons but did not give an estimate of her business versus personal use.  Without such evidence the Court does not have a reasonable basis to estimate the amount of the expenses related to business use.  Furthermore, the record reflects that petitioner was entitled to reimbursement of her business expenses pursuant to ARS' employee business expense reimbursement policy.  There is no evidence that any business use of her cell phone and internet service was not subject to that policy.  See Orvis v. Commissioner, 788 F.2d at 1408; Fountain v. Commissioner, 59 T.C. at 708.  Accordingly, we hold that petitioner is not entitled to an unreimbursed employee business expense deduction for cell phone and internet service expenses for tax year 2015.

####    2.    Business Use of Home

The record includes receipts totaling approximately $1,213 in utilities expenses and $2,173 in home goods and home improvements that petitioner asserts are related to the business use of her home office in 2015.  Section 280A(a) generally provides that no deduction shall be allowed for a home office.  For the expense to be deductible, the taxpayer must show that the portion of the home

purported to be used for business is: (1) the taxpayer's principal place of business, (2) a place where the taxpayer meets or deals with customers, clients, or patients, or (3) a separate structure used in connection with the business. The home office must be used exclusively on a regular basis for these purposes. Sec. 280A(c)(1). An employee is entitled to the deduction only if the office is for the convenience of the employer. See sec. 280A(c)(1) (flush language).

Petitioner's home office was in her kitchen, a place where she did not meet or deal with clients. Therefore, petitioner could deduct expenses for business use of the home only if her home office was her principal place of business. Respondent argues that petitioner has not proven that her home office was the principal place of business for her work as an employee of ARS. In addition, respondent objects to petitioner's claimed deductions for home goods and home and landscaping maintenance expenses for areas of her property that were not used for business. Petitioner asserts that she was required to work a substantial number of hours from her home outside of normal business hours in order to complete her sales duties. At trial she testified that she completed those duties from her home because her employer did not allow her to work from the corporate office after 5 p.m.

When a taxpayer conducts business from both a home office and another workplace, and a determination must be made as to which qualifies as the taxpayer's principal place of business, two objective factors are given primary consideration: (1) the relative importance of the business functions or activities conducted at each place and (2) the amount of time expended at each place. Commissioner v. Soliman, 506 U.S. 168, 175-177 (1993); Strohmaier v. Commissioner, 113 T.C. at 111-112. The term "principal place of business" includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of the trade or business where the taxpayer conducts substantial administrative or management activities of the trade or business. Sec. 280A(c)(1) (flush language).

Petitioner testified that she spent a significant amount of time working from her home office during the week and on weekends. We credit petitioner's testimony on this matter and accept that she used her home office regularly and exclusively in her work for the convenience of her employer. Nevertheless, after careful consideration of the record, we conclude that petitioner's home office was not her principal place of business. Petitioner was required by her employer to spend a significant amount of time traveling to and from client meetings as well as

working in the corporate office in Long Beach, California. The record does not reflect how many hours petitioner worked at home versus in sales meetings or in her employer's office. In addition on the basis of petitioner's testimony the Court views client sales meetings as the most important business activity petitioner conducted in her work. Petitioner's client meetings were required to complete her sales transactions. She did not conduct these meetings in her home. Although petitioner conducted administrative and other sales-related activities from her home office, she also performed those activities at the corporate office.

The record further reflects that petitioner was entitled to reimbursement of her business expenses pursuant to ARS' employee business expense reimbursement policy. There is no evidence that the business use of petitioner's home was not subject to that policy. See Orvis v. Commissioner, 788 F.2d at 1408; Fountain v. Commissioner, 59 T.C. at 708.

For the aforementioned reasons, we conclude that petitioner is not entitled to deduct expenses related to the business use of her home for tax year 2015. As a result of this conclusion, we need not further consider the accuracy of the amounts claimed for this purpose.

3.    Meal and Grocery Expenses

Petitioner did not specifically report any amount of business meal expenses on her tax return for the year in issue.  The record, however, includes receipts she provided that total $1,185 for food and beverage expenses in the form of meals and groceries.  At trial petitioner explained that the receipts related to business meals with her clients and groceries that she purchased for the crews who worked on her clients' shipping sites.  Petitioner contends that she should be allowed to deduct these meal expenses because they were related to her employment.  She testified that her employer did allow reimbursement for food expenses related to business but that she chose to include the meal and grocery expenses as itemized deductions on her tax return.

Section 162(a)(2) permits the deduction of amounts expended for meals when away from home in the pursuit of a trade or business.  In the context of section 162(a)(2), a taxpayer's home generally refers to the area of a taxpayer's principal place of employment, whether or not in the vicinity of the taxpayer's personal residence.  Daly v. Commissioner, 72 T.C. 190, 195 (1979), aff'd, 662 F.2d 253 (4th Cir. 1981); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).  In order to deduct food and beverage expenses, a taxpayer must not have had the right to obtain reimbursement for the expenses from her employer.  See Orvis v.

Commissioner, 788 F.2d at 1408. Additionally, the taxpayer must meet the strict substantiation requirements of section 274(d).

Petitioner testified that she had the right to reimbursement from her employer for food and beverage expenses related to business. Therefore, she is not entitled to deduct any given meal or grocery expenses. Further, even if her employer had not had a reimbursement policy in place during the year in issue, petitioner's business receipts do not include any details on the purported business purpose of each transaction and thus do not meet the strict substantiation requirements of section 274(d). For these reasons, we conclude that petitioner was not entitled to deduct any of the meal or grocery expenses for tax year 2015.

### 4. Clothing and Grooming Expenses

The record includes receipts petitioner provided that total $1,088 for clothing and $1,775 for grooming expenses in tax year 2015. The reported expenses include amounts for shoes, work clothes, undergarments, dry cleaning, hair and nail maintenance, cosmetics, and cosmetic treatments.

Expenses for clothing are deductible if the clothing is of a type specifically required as a condition of employment, is not adaptable to general use as ordinary clothing, and is not worn as ordinary clothing. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Wasik v. Commissioner, T.C. Memo. 2007-148;

Beckey v. Commissioner, T.C. Memo. 1994-514. The record confirms that petitioner was required to dress in a professional manner as a condition of her employment but that her employer did not reimburse employees for clothing expenses. Petitioner testified that she would not have purchased her work clothes for use in every day life. Nevertheless, a review of petitioner's business records reveals that all of the reported expenses are for clothing adaptable to general use as ordinary clothing. Therefore, the amounts reported for clothing were expended for personal purposes and as such are not deductible. See sec. 262(a).

Grooming expenses (e.g., hair and nail maintenance) are inherently personal expenses, and amounts expended for grooming are not deductible regardless of whether an employer requires an employee to be well groomed. Hynes v. Commissioner, 74 T.C. 1266, 1292 (1980). Accordingly, petitioner is not entitled to a deduction for clothing or grooming expenses for tax year 2015.

### 5. Postage Expenses

The record includes U.S. Postal Service receipts totaling $214 for postage during tax year 2015. Petitioner testified that the charges were related to global shipping orders for her clients at ARS. We are satisfied with petitioner's testimony on this matter. Nevertheless, in order to deduct employee business expenses, a taxpayer must not have received reimbursement and must not have had

the right to obtain reimbursement from her employer.  See Orvis v. Commissioner, 788 F.2d at 1408; Fountain v. Commissioner, 59 T.C. at 708.  The record confirms that petitioner had the right to request reimbursement for business-related expenses from her employer up to 90 days from the date the expenses were incurred.  Petitioner testified that she did not attempt to request reimbursement for her business expenses because they might not be accepted by her employer.  Because petitioner had the right to reimbursement but chose not to request it, she is not entitled to deduct any of the reported postage expenses for tax year 2015.

III.    Conclusion

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.