# United States Tax Court

T.C. Summary Opinion 2022-6

NICOLE HARRISON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12170-19S.                    Filed May 12, 2022.

————

Nicole Harrison, pro se.

*Jane J. Kim*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated April 9, 2019, respondent determined a deficiency in petitioner's federal income tax of $26,054, a section 6651(a)(1) failure to timely file addition to tax of $5,322, and a section 6662(a) accuracy-related penalty of $5,210.80 for petitioner's taxable year 2015 (year in issue).

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are:

(1) whether petitioner is entitled to deduct charitable contributions and unreimbursed employee expenses reported on Schedule A, Itemized Deductions;

(2) whether petitioner is entitled to certain expense deductions relating to her consulting activity reported on Schedule C, Profit or Loss From Business;

(3) whether petitioner is entitled to deduct real estate activity expenses reported on Schedule E, Supplemental Income and Loss; and

(4) whether petitioner is liable for an addition to tax for failure to timely file pursuant to section 6651(a)(1).

*Background*

Some of the facts have been stipulated, and we incorporate the Stipulation of Facts and accompanying exhibits by this reference. The record consists of the Stipulation of Facts with Attached Exhibits and petitioner's testimony.

Petitioner resided in New York when the Petition was timely filed.

I.     *Petitioner's Employment*

Petitioner was employed full time by Samsung Electronics during the year in issue. Petitioner worked as a "corporate strategy" consultant. In late 2014, while she was still employed at Samsung, she became interested in a sole proprietorship venture relating to her experience in corporate strategy. She described her venture work as consultative, providing insights, trends, and data to businesses.

II.    *Petitioner's Charitable Contributions*

Petitioner made several charitable contributions during the year in issue. She made cash contributions to charitable organizations, most of which were processed through a PayPal account linked to her

---

[2]Respondent concedes that petitioner is not liable for the section 6662(a) accuracy-related penalty of $5,210.80.

checking account. In addition, she regularly donated clothing, shoes, and jewelry to organizations such as Goodwill and Dress for Success.

## III. *Petitioner's Travel Expenses*

As part of petitioner's role at Samsung in corporate strategy, she managed cross-functional projects that involved consulting with management and headquarters in Korea. She traveled frequently to and from Korea. Although Samsung did not require petitioner to book business class, it was considered accepted practice that she would book business class flights for work travel for which she was reimbursed. During her time at Samsung, the corporate travel reimbursement policy changed, and under the new policy, reimbursement was not allowed for business class flights for employees below the director level. After the change in policy, petitioner continued to book business flights as she had before. She received reimbursement from Samsung for her flights, at the coach level, resulting in a differential that she deducted on her Schedule A for the year in issue. To substantiate the expenses, petitioner submitted bank statements of her corporate card at Samsung.

## IV. *Petitioner's Schedule C Expenses*

Petitioner expressed interest in launching a corporate strategy consulting business, NH Strategy & Growth Solutions. To build her brand, she contracted with a company, TemplateMonster, to set up a website, techstrategynews.com, through which she published assessments about technology trends and developments. She also paid TemplateMonster to host the website on a server. Petitioner also purchased several website domains that had similar sounding names in order to redirect patrons to her website.

In order to build up clientele and build her brand, she began networking and participating in speaking engagements during the year in issue. She traveled for at least two clients, in Buffalo, New York, and Ohio, and spoke at a conference in Atlanta, Georgia.

Petitioner worked from her rental apartment. She renovated part of it to convert it into office space which included lighting, flooring, and cabinets. She also purchased a laptop for her work for which she provided a receipt.

V.    *Mortgage Payments*

In 2014, before the year in issue, petitioner and a relative co-signed a mortgage for a three-family house in Brooklyn, New York.  One floor of the house was occupied by petitioner's relative, while the other two floors were rented to third parties.  Petitioner contributed to the mortgage by sending cash payments via Venmo to her relative.  She did not receive any income from the property.  Petitioner claimed passive activity losses on Schedule E for remediating a flooded basement, insurance, and other house-related expenses.

VI.    *Petitioner's Tax Return*

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for tax year 2015 on October 10, 2017.  Petitioner reported wages received from her employer as $130,663.  Her tax return for the year in issue also included:

Schedule A

| | |
|---|---|
| Charitable contributions | $7,550 |
| Unreimbursed employee expenses | 24,150 |

Schedule C[3]

| | |
|---|---|
| Depreciation | 9,477 |
| Legal and professional services | 5,000 |
| Repairs and Maintenance | 25,000 |
| Travel | 2,000 |
| Car and Truck | 25,875 |
| Utilities | 1,500 |
| Other | 4,500 |

Schedule E

| | |
|---|---|
| Passive Activity loss limitation deduction | 25,000 |

---

[3]Petitioner also reported $400 in gross receipts on her Schedule C.

On April 9, 2019, respondent issued a Notice of Deficiency to petitioner for tax year 2015, disallowing her Schedule A, C, and E deductions and determining an addition to tax and a penalty under the provisions of sections 6651(a)(1) and 6662(a).

*Discussion*

I.    *Burden of Proof*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[4]  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that she is entitled to any deduction claimed.  *See* Rule 142(a); *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).  If the taxpayer is able to establish that he or she paid or incurred a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate.  *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930).

II.   *Schedule A*

A.    *Charitable Contributions*

Petitioner claimed $7,550 in charitable contribution deductions, all of which respondent disallowed.  A taxpayer may deduct charitable contributions during the year as long as the taxpayer satisfies statutory and regulatory substantiation requirements.  *See* § 170(a)(1); Treas. Reg. § 1.170A-13.  The substantiation requirements depend on the size of the contribution and whether the contribution is a gift of cash or property.  Subject to various exceptions, if property other than money is donated, "the amount of the contribution is the fair market value of the property at the time of the contribution."  Treas. Reg. § 1.170A-1(c)(1).  The term "fair market value" is defined as "the price at which the property would change hands between a willing buyer and a willing

---

[4]Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability.  Because she has not alleged or shown that section 7491(a) applies, the burden of proof remains on petitioner.

seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts." *Id*. subpara. (2).

A charitable contribution of money must be substantiated by at least one of the following: (1) a canceled check; (2) a receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution; or (3) in the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. *See* Treas. Reg. § 1.170A-13(a)(1). The reliability of the record is determined on the basis of all of the relevant facts and circumstances. *See id*. subpara. (2)(i). No deduction is allowed for any monetary gift unless the donor maintains a record of the contribution or a written communication showing the name of donee organization, the date of the contribution, and the amount of the contribution. *See* § 170(f)(17).

A charitable contribution of property must be substantiated by a receipt showing (1) the name of the donee; (2) the date and location of the contribution; and (3) a description of the property in detail reasonably sufficient under the circumstances. Treas. Reg. § 1.170A-13(b)(1). A receipt is not required if the contribution is made in circumstances where it is impractical to obtain a receipt. *See id*. The reliability of the records is determined on the basis of all of the relevant facts and circumstances. *See id*. subpara. (2).

If the donation is a small amount, any written or other evidence from the donee charitable organization acknowledging receipt is generally sufficient. *See id*. para. (a)(2)(i)(C). Nevertheless, contributions of $250 or more require donee written acknowledgment containing specified information. *See* § 170(f)(8). Furthermore, additional information is required to support a deduction exceeding $500 for a charitable contribution of property. Specifically, the taxpayer must also maintain written records establishing (1) the item's manner of acquisition as well as either the item's approximate date of acquisition or date the property was substantially completed and (2) the cost or other basis, adjusted as provided by section 1016, of property donated by the taxpayer during the taxable year. *See* § 170(f)(11)(A)(i), (B); Treas. Reg. § 1.170A-13(b)(3)(i).

With respect to noncash contributions, petitioner presented limited testimony and receipts. She testified she donated bags containing clothing, shoes, and jewelry to Goodwill and Dress for

Success. While she provided some receipts to respondent before trial, other receipts were presented for the first time at the trial. She described the items in the bags as "used clothing in good condition" and valued the items at cost, discounted by 50%. No further description was provided through receipts or testimony as to the contents of the bags or the ages or the costs of the contents. While we have no doubt that petitioner made some contributions of clothing and other items, the failure to provide sufficient and timely receipts until trial, despite requests from the IRS, works against her. The record lacks approximate dates of acquisition of the items, detailed descriptions of the items, and the costs or other bases. Under these circumstances, the Court is burdened with attempting to place a value on property with insufficient information. Using our best judgment, we allow petitioner $500 for noncash contributions.

With respect to cash contributions, petitioner presented some very general testimony that she had used Paypal linked to her bank account to make contributions throughout the year. She reviewed contributions from a prior tax year to estimate the contributions for the year in issue. Petitioner did not provide any documentation from her bank or Paypal in support and provided only one receipt for $100 contributed to "Fund for Animals." Given this record, we conclude that petitioner did not provide sufficient substantiation. We allow petitioner $100 for cash contributions.

> B. *Unreimbursed Employee Business Expenses*

Petitioner deducted $24,150 in travel expenses as unreimbursed employee business expenses for the year in issue, all of which respondent disallowed. Section 162 generally allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). The taxpayer bears the burden of proving that expenses were of a business nature rather than personal and that they were ordinary and necessary. Rule 142(a); *Welch v. Helvering*, 290 U.S. at 115. Performing services as an employee constitutes a trade or business. *See O'Malley v. Commissioner*, 91 T.C. 352, 363–64 (1988); *Primuth v. Commissioner*, 54 T.C. 374, 377–78 (1970).

Certain expenses including travel expenses require strict substantiation through adequate records or by sufficient evidence corroborating the taxpayer's own statement as to the amount, time, place, and business purpose of these expenditures. § 274(d).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required element. Temp. Treas. Reg. § 1.274-5T(c)(3).

In order to deduct employee business expenses, a taxpayer must not have received reimbursement, and must not have had the right to obtain reimbursement, from his employer. *See Orvis v. Commissioner*, 788 F.2d 1406, 1408 (9th Cir. 1986), *aff'g* T.C. Memo. 1984-533. The taxpayer bears the burden of proving that he is not entitled to reimbursement from his employer for such expenses. *See Fountain v. Commissioner*, 59 T.C. 696, 708 (1973). The taxpayer can prove that he was not entitled to reimbursement by showing, for example, that he was expected to bear these costs. *See id.*; *see also Dunkelberger v. Commissioner*, T.C. Memo. 1992-723 (finding that management team expected taxpayer to bear expense of business lunches with vendors).

At trial, petitioner testified that she regularly took business class flights to Korea for her work as an employee of Samsung. To substantiate these expenses, she produced her Samsung corporate card statements, personal bank account statements, and Samsung's travel reimbursement policy. Petitioner also testified that she attempted to obtain reimbursement from her employer for the business class flights which had been granted in the past. Pursuant to the modified policy, Samsung reimbursed petitioner for travel expenses only at the coach level. Petitioner testified credibly that while she was not expected to take business class flights, it had been customary for her to do so before a change in policy.

Nonetheless, petitioner has not met the strict substantiation requirements of adequate records or sufficient evidence under section 274(d). While the bank statements list flight and hotel expenses, they do not provide flight details. From the record, the Court is unable to determine when the flights were taken and for what purposes. Petitioner has not provided records that demonstrate times, places, and business purposes for these expenditures.

Accordingly, we conclude that petitioner is not entitled to deduct unreimbursed employee business expenses for the year in issue.

III.    *Schedule C Business Expenses*

Section 162(a) does not permit deductions for startup or preopening expenses incurred by a taxpayer before beginning business operations. *See* § 195(a). A preliminary search for a potential business opportunity would not qualify the taxpayer for deductions under section 162, 165, or 212. *Dean v. Commissioner*, 56 T.C. 895, 902 (1971). While petitioner reported $400 of gross receipts for the venture, she has not demonstrated that she was carrying on a trade or business. Petitioner continued to work full time at Samsung during the year in issue. At best, it appears that her activity for the year in issue was in the exploratory stages of forming a business. To substantiate her expenses, she provided a mileage log of trips taken to various networking events, receipts for home renovations, and an invoice for website creation. Petitioner testified that she was trying to build a brand by creating a website and participating in speaking engagements, precisely to solicit potential clients. Carrying on a trade or business requires more than initial research into business potential and the solicitation of potential customers. *See Christian v. Commissioner*, T.C. Memo. 1995-12.

Thus, we find that petitioner's activity did not rise to the level of carrying on a trade or business during the year in issue. As a result, the Court need not address whether petitioner has met the substantiation requirements of section 274(d). Accordingly, petitioner is not entitled to deduct, under section 162(a), any other business expenses.

IV.    *Schedule E Passive Activity Loss*

Sections 162 and 212 permit a taxpayer to deduct certain business and investment expenses. If a taxpayer is an individual, however, section 469(a) generally disallows any "passive activity loss" for the taxable year. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for such year. § 469(d)(1).

A passive activity is any trade or business in which the taxpayer does not materially participate. § 469(c)(1). Rental activity is generally treated as per se passive regardless of whether the taxpayer materially participates. § 469(c)(2). There are two exceptions to the general rule that rental real estate activities are per se passive activities: (1) passive activity losses up to $25,000 under section 469(i) and (2) certain

taxpayers in real property trades or businesses (real estate professionals) under section 469(c)(7). *Moss v. Commissioner*, 135 T.C. 365, 368 (2010).

Section 469(i) allows taxpayers who "actively participated" in rental real estate activities during any taxable year to deduct up to $25,000 of the passive activity losses attributable to those activities in that year. § 469(i)(1) and (2). This Court has determined that the active participation standard is met if a taxpayer participates in a significant and bona fide sense in making management decisions or arranging for others to provide services such as repairs. *Madler v. Commissioner*, T.C. Memo. 1998-112.

Petitioner did not provide evidence that she qualifies for the active participation exception. Petitioner testified that she co-signed the mortgage documents but did not provide copies. She also claims that she contributed to the mortgage payments through Venmo, but she did not provide any receipts or further evidence that she participated in the rental activity. Further, she claimed that she did not receive any income from the property. Thus, petitioner has not demonstrated she qualifies for the active participation exception, under section 469(i), to the disallowance of passive activity losses by individuals. Accordingly, petitioner is not entitled to deduct any expenses under section 162(a).

V.     *Section 6651(a)(1) Failure To Timely File*

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (including extensions) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect. Respondent bears the burden of production with respect to petitioner's liability for the addition to tax under section 6651(a)(1). *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001).

Petitioner's 2015 Form 1040 was due on April 18, 2016. Respondent has satisfied the burden of production since the parties stipulated that respondent received petitioner's 2015 tax return on October 10, 2017. Therefore, petitioner bears the burden of proving that her failure to file a timely return was due to reasonable cause rather than willful neglect. *See Higbee*, 116 T.C. at 446. Petitioner has not offered any evidence that her failure was due to reasonable cause and not due to willful neglect.

We conclude that petitioner has not shown her failure to timely file a return was due to reasonable cause. Accordingly, she is liable for the section 6651(a)(1) addition to tax.

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing conclusions and respondent's concessions,

*Decision will be entered under Rule 155.*